(No. 40804.—

BERNICE ESCZUK, Appellee, *vs.* CHICAGO TRANSIT AUTHORITY *et al.*—(Greco Contractors, Inc., *et al.,* Appellants.)

*Opinion filed March 28, 1968.—Rehearing denied May 27, 1968.*

ROBERT J. NOLAN, of Chicago, (MORTIMER, NOLAN, O'MALLEY & DUNNE, of counsel,) for appellants.

LEON C. WEXLER and BERNARD DAVIS, both of Chicago, for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

On November 23, 1960, the plaintiff, Bernice Esczuk, filed her complaint in the circuit court of Cook County against several defendants. The case was called for pretrial conference on January 18, 1965. Neither plaintiff nor defendants appeared and the trial court ordered the cause dismissed for want of prosecution. The trial court refused to reinstate the case after 30 days and the plaintiff appealed. The appellate court reversed and remanded the cause with directions to sustain the petition to reinstate. (84 Ill. App. 2d 247.) We have granted leave to appeal on the petition of defendants Greco Contractors, Inc. and Eugene McCartney.

Plaintiff's first petition to reinstate was filed approximately 18 months after the judgment and alleged no grounds for relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1967, chap. 110, par. 72), and was properly dismissed.

Thereafter on July 18, 1966, the plaintiff filed a petition to reinstate under section 72, alleging that although plaintiff's case had been called for pretrial on January 18, 1965, neither the plaintiff nor the defendants, Greco Contractors, Inc., and McCartney, had knowledge of such pretrial and did not attend; that because of plaintiff's failure

to attend, the case was dismissed for want of prosecution; that neither the plaintiff nor defendants received notice of said dismissal until June, 1966; that the plaintiff had assumed that the matter was still pending on the trial calendar, but when the case did not appear on the calendar in its normal chronological order in June, 1966, the court file was checked and the dismissal order discovered; that the plaintiff has a good claim and should be allowed her day in court; that the defendant recognizes the validity of the claim and cause of action and made no motion to dismiss or for summary judgment, but rather answered the plaintiff's complaint; that immediately upon receiving knowledge of the dismissal order the plaintiff filed her petition under section 50 of the Civil Practice Act, which was denied. Plaintiff further alleged that the failure to attend the pretrial was "mere inadvertence and excusable neglect."

No answer or counteraffidavit was filed by defendants, and the trial court denied the petition.

The appellate court reversed on the ground that the trial court's refusal to reinstate the case was an abuse of discretion since "it is uncontradicted that (1) plaintiff was not notified of the pretrial or of the dismissal for want of prosecution; (2) that plaintiff immediately checked the court file when the case did not appear on the trial calendar in its normal chronological order and (3) that plaintiff has a good cause of action."

At the time plaintiff's suit was dismissed, Supreme Court Rule 22 governing pretrial procedure (Ill. Rev. Stat. 1965, chap. 110, par. 101.22) provided that "In any civil action the court may hold a pretrial conference," and that "The court shall make and enforce all rules and orders necessary to compel compliance with this rule, and may apply the remedies provided in Rule 19—12(3);" which remedies included dismissal of the complaint.

Plaintiff does not appear to dispute the propriety of a dismissal for failure to attend a pretrial conference, but

claims that her alleged lack of knowledge of the pretrial justified relief under section 72.

Section 72 of the Civil Practice Act substitutes a simple remedy by petition for various forms of post-trial relief and enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Brockmeyer* v. *Duncan,* 18 Ill.2d 502; *Glenn* v. *People,* 9 Ill.2d 335.) However, a party may not avail himself of the remedy provided by section 72 "unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. [Citations.] Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence." (*Brockmeyer* v. *Duncan,* 18 Ill.2d 502, 505.) The burden is upon the petitioner under section 72 to allege and prove the facts justifying relief.

It is significant that although plaintiff denied knowledge of both the pretrial conference and of the dismissal, she does not allege that no notices were sent to her or to her attorney of record nor does she deny that notice of the pretrial and the dismissal were duly published in the Chicago Daily Law Bulletin. Indeed, she attributes the failure to attend the pretrial conference to "mere inadvertency or excusable neglect * * *." The section 72 petition does not allege and there is no suggestion that plaintiff's lack of knowledge was due in any way to fraud on the part of defendants or the court.

We do not believe the facts alleged justify relief under section 72. It has long been held that once a court acquires jurisdiction, it is the duty of the litigants to follow the case. (*Bonney* v. *McClelland,* 235 Ill. 259; *Staunton Coal Co.* v. *Menk,* 197 Ill. 369.) We realize that the great volume of litigation in metropolitan centers increases this burden and fairness requires an accommodation between courts and

lawyers in matters of notices. Nevertheless the practical administration of justice requires that the litigant undertake the burden of following his case if this be possible.

Rule 25 of the circuit court of Cook County in force at the time of the dismissal of this case provided as follows:

"Rule 25. Sec. 1. Parties shall take notice of all calls of the trial calendar as well as of all other calendars and lists provided for in these Rules.

"Sec. 2. Unless otherwise directed by the Executive Committee, notice of all calls shall be published in the Chicago Daily Law Bulletin not later than in its issue for the day on which the call is to be had."

In addition to such published notice the parties appear to agree that it was a generally accepted practice to send a post-card notice to attorneys of record both as to pretrial conferences and dismissals. There is no allegation that notice was not published in the Chicago Daily Law Bulletin or that post-card notices were not sent.

Plaintiff merely claims she did not receive the post-card notices and did not see the notice in the Law Bulletin. The gist of her argument is that it is difficult, if not impossible, for a small law office to check each of its cases in the Law Bulletin. We do not agree. While the task is not an easy one, it is less onerous than to require the litigant to be in daily attendance at court to check his case. *Cf. Bonney* v. *McClelland,* 235 Ill. 259.

We do not believe that the facts alleged show such fraud, mistake or fundamental unfairness as would justify a collateral attack upon a final judgment nineteen months after its rendition.

To adopt the view of the appellate court would be to unduly broaden section 72 to permit or even to compel reinstatement of any case dismissed for want of prosecution within two years of dismissal if evidence of notice could

not be affirmatively presented. Equity and an ordered concept of justice does not require such a result.

Plaintiff relies on *Elfman* v. *Evanston Bus Co.*, 27 Ill.2d 609, where this court held that, under the particular facts involved, a default judgment should have been set aside under the allegations of a section 72 petition. We consider that case inapplicable because there it was alleged that plaintiff, by precipitately assessing damages unrelated to the accident involved, took unfair advantage of both the defendant and the court. Here there is no suggestion of fraud or unconscionable behavior on the part of the litigants or the court, but rather it is apparent that the dismissal resulted from the inadvertent failure of plaintiff to follow her case.

In the absence of a showing of fraud we are of the opinion that the trial court was correct in refusing to reinstate the case. The judgment of the appellate court is therefore reversed, and that of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*