**Georgia Hill, Appellant, v. Roscoe Dillon, Appellee.**

**Gen. No. 53,049.**

First District, First Division.
February 17, 1969.

Joseph A. Rosin, of Chicago, for appellant.

George J. Schaller, O. R. Hamlink, Jerome F. Dixon, and Frederic O. Floberg, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from the order of the Circuit Court entered on January 25, 1968, dismissing the plaintiff's action on motion of the defendant, Roscoe Dillon.

The instant appeal grew out of a suit initiated by the plaintiff on August 2, 1962. In her complaint, the plaintiff alleged that on or about September 1, 1961, Roscoe Dillon, while operating a motor coach owned by the Chicago Transit Authority, negligently and carelessly operated the vehicle in such a manner as to injure the plaintiff as she alighted from the bus. An appearance

and an answer were filed by the defendant in which he generally denied any negligence on his part.

On November 24, 1965, an order was entered by Judge William S. White, then sitting in the County Department Law Division, dismissing the plaintiff's cause of action for want of prosecution. The order recited that neither party responded to a pretrial hearing. On the same day, however, the plaintiff's attorney appeared before Judge White and moved to vacate the dismissal order, stating that his failure to appear for the pretrial hearing was due to being otherwise engaged. Judge White then entered an order that the case came to be heard on plaintiff's motion to vacate the dismissal of her case, which order recited, in part:

> . . . and counsel for Plaintiff appearing late and representing to the Court that he was otherwise engaged and making his motion instanter in open Court to vacate said order of dismissal.
>
> It is hereby ordered that leave be and same is hereby granted Plaintiff to move to vacate the order dismissing said cause entered this date and hearing on the same and *the pretrial hearing is entered and continued to December 15th, 1965 at 10:00 a. m.* (Emphasis added.)

While the record is silent as to what action the court took on December 15, 1965, it would appear that the cause remained pending and awaiting trial.

On August 11, 1967, the plaintiff, after having served notice upon the defendant, went before Judge Harold G. Ward, the Assignment Judge, and moved to set the cause for trial on a day certain. Judge Ward entered the requested order and the cause was set on the trial call "below the black line." Five days later, on August 16, 1967, the defendant presented a motion to Judge Ward, requesting that the case be removed from the trial

call on the ground that the lawsuit had been dismissed for want of prosecution on November 24, 1965, and had never been reinstated. In his order, entered in response to the defendant's motion, Judge Ward stated that it appeared to the court that the cause had been dismissed on November 24, 1965; that the plaintiff had been given leave to file a petition to vacate the order dismissing the cause; that a hearing had been set for December 15, 1965; and that the order had never been vacated. Judge Ward ordered that the case be removed from the trial call.

The plaintiff then petitioned Judge White, who was then sitting in the Criminal Court, for an order nunc pro tunc as of December 15, 1965, to vacate and set aside the order of dismissal for want of prosecution entered on November 24, 1965. The defendant filed an affidavit in opposition to the plaintiff's petition. On October 3, 1967, the nunc pro tunc order was entered of record vacating the order of November 24, 1965, as of December 15, 1965. The nunc pro tunc order entered by Judge White recited that the court was fully advised of the premises and had jurisdiction of both the parties and the subject matter.

After more than thirty days had elapsed from the entry of the nunc pro tunc order the plaintiff went before Judge Ward requesting that her cause of action again be placed on the trial call. On January 23, 1968, an order was entered by Judge Ward setting the cause on the trial call "below the black line" on January 25, 1968.

On January 25, 1968, the defendant went before Judge Ward and asked that the case be dismissed. In his motion to dismiss the defendant alleged that (1) the cause had originally been dismissed for want of prosecution on November 24, 1965; (2) an order was entered without notice to or knowledge of the defendant giving plaintiff leave to file a motion to vacate the dismissal and setting the same for hearing on December 15, 1965; (3)

204

no order was entered on December 15, 1965, and the matter remained dismissed for want of prosecution; (4) sometime thereafter, on or about September 8, 1967, plaintiff's attorney wrote a letter to Judge William S. White in the Criminal Court forwarding the petition to vacate the dismissal order of November 24, 1965, and a copy of the letter and the petition was sent to the defendant's attorney; (5) the defendant filed an affidavit in opposition to the petition; (6) sometime thereafter, the order of November 24, 1965, was vacated by Judge White, but no copy of the order was ever sent to the defendant's attorney; (7) the first knowledge the defendant had that the order of dismissal was vacated occurred when he received notice on or about January 17, 1968, that the plaintiff was requesting the case be put on trial call; and (8) the order of November 24, 1965, giving plaintiff leave to file a motion to vacate entered without any knowledge to the defendant is a nullity.

An order was entered by Judge Ward on January 25, 1968, which read in part:

[T]he cause was dismissed for want of prosecution Nov. 24, 1965, and with no notice to the defendant leave was given plaintiff to move to vacate . . . . [N]o order of vacation . . . was entered on Dec. 15, 1965. . . . [P]laintiff wrote Judge White on or about Sept. 8, 1967, and petitioned to vacate said dismissal order with copies to attorney for the defendant . . . . [D]efendant filed an affidavit opposing said petition. . . . Judge White purported to enter an order vacating the dismissal . . . and no copy or other notice of the entry of said order was given the defendant and defendant's first knowledge of said order . . . was when he received a notice to put the matter on the trial call. . . .

205

Judge Ward ordered that the cause be dismissed and this appeal was taken from that order.

The plaintiff contends that an order of one judge cannot be collaterally attacked by a judge of equal, like and concurrent jurisdiction at a later date. Instead, the plaintiff maintains that the defendant's remedy would have been to appeal to the Appellate Court to reverse Judge White's nunc pro tunc order.

The defendant replies that his motion was directed solely to the impropriety of Judge White's order and that his motion was in the nature of a proceeding under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72). The defendant argues that a section 72 proceeding "is the commencement of a suit of law in which new issues are made up and nothing in section 72 or the Supreme Court Rules limits the hearing of the new action to the judge who entered the judgment under attack in the section 72 proceeding." Furthermore, the defendant contends, there are two bases for employing a section 72 proceeding to make a collateral attack upon a judgment: (1) the court lacked power to enter judgment and (2) the existence of equitable grounds for setting aside the judgment. The defendant maintains that his motion was based on both grounds.

As we review the events that led up to this appeal it appears that three years after the cause was at issue and ready for trial the matter was called for a pretrial hearing before Judge White. He had jurisdiction of the parties and the subject matter. When no one appeared in response to the call the case was dismissed. The only one penalized for failing to appear was the plaintiff who three years earlier had sought redress for personal injuries and was awaiting her day in court. The only party who appeared in court on the day of the dismissal was the plaintiff's attorney. After he explained why he failed to appear, an order was promptly entered by Judge White continuing the matter to another date. Al-

though the court's order did not state in exact words that the dismissal order was vacated as it should have, it did recite that the pretrial was continued to December 15, 1965. The record, however, shows that no order was entered on the 15th of December. We conclude that the court clearly intended to vacate the dismissal for want of prosecution as is evidenced by Judge White continuing the pretrial hearing to December 15, 1965, and as is further evidenced by the subsequent nunc pro tunc order.

After the plaintiff's cause had been removed from the trial call for the first time, the plaintiff petitioned Judge White for a nunc pro tunc order to correct the omission in the order of November 24, 1965, vacating the dismissal order of the same date. Both parties mailed their respective pleadings to Judge White then sitting in the Criminal Court of Cook County. We take judicial notice of this procedure which was used to avoid unduly inconveniencing the opposing attorneys whose law offices were a considerable distance from the Criminal Court. The matter then was not presented ex parte but was submitted to Judge White by both parties. Also, the nunc pro tunc order entered by Judge White vacating the dismissal order disposed of the subject matter of the controversy on its merits.

██ In our judgment, Judge White had the power to enter the nunc pro tunc order vacating the dismissal for want of prosecution and we so hold. A " 'court may, even after the expiration of the term at which a judgment was rendered, correct or amend the entry thereof so as to make it conform to the judgment which the court actually rendered.' [Citation omitted]." In re Estate of Young, 414 Ill 525, 534, 112 NE2d 113.

██ The defendant argues, however, that even if Judge White did have the power to enter the nunc pro tunc order, the order is still a nullity, because he, the defendant, was not given notice of the entry of the or-

der. We disagree. The defendant admitted in his written motion to dismiss the case filed on January 25, 1968, before Judge Ward, that he mailed an affidavit to Judge White in opposition to the plaintiff's petition for a nunc pro tunc order. By mailing an affidavit, the defendant acknowledged that Judge White had jurisdiction of both the subject matter and of the parties. "It has long been held that once a court acquires jurisdiction, it is the duty of the litigants to follow the case." Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 467, 236 NE2d 719. Therefore, we find that the defendant had, or should have had notice of the entry of the nunc pro tunc order.

Having disposed of the question of Judge White's power to enter the nunc pro tunc order and whether the defendant had proper notice of that order, we now address ourselves to the question of whether Judge Ward could nullify the effect of the nunc pro tunc order by dismissing the plaintiff's cause of action. We begin by quoting a firmly established rule in American Jurisprudence:

> [A] judgment of a court of competent jurisdiction, having jurisdiction of the subject and the parties by legal process duly served, where no appeal . . . or other legal process lies for revising, reversing or affirming such judgment, or where no such process is commenced by the party who would void the judgment in the mode and at the time prescribed by law, is conclusive upon the same parties in any other proceeding in law, in equity, or before any other judicial tribunal. Greene v. Greene, 2 Gray 361.

People v. Sterling, 357 Ill 354, 362, 192 NE 229.

From the facts in this case it is evident that Judge White had jurisdiction of the subject matter and of the parties both when he entered the two orders of November 24, 1965, and when he entered the nunc pro tunc

order on October 3, 1967. In addition, the defendant failed at any time to take an appeal from the nunc pro tunc order. Thus, unless there is some other legal process for reversing the order, it is conclusive and is not open to collateral attack.

The defendant maintains that his motion to dismiss the plaintiff's cause of action filed on January 25, 1968, before Judge Ward, was in the nature of a section 72 petition. Section 72 of the Civil Practice Act simply substitutes a simple remedy by petition for various forms of post-judgment relief theretofore available and enables a party to bring before the court rendering a judgment matters of fact not appearing in the record which, if known to the court at the time the judgment was entered would have prevented its rendition. Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294. Examination of the defendant's motion to dismiss in the case at bar discloses that it merely seeks to have Judge Ward review Judge White's orders as to questions already decided on the merits and is not in the nature of a section 72 petition.

■ We conclude, therefore, that the defendant's motion of January 25, 1968, is merely a collateral attack on Judge White's nunc pro tunc order, not a section 72 petition, and we hold that Judge Ward's order dismissing the plaintiff's cause of action should be reversed.

For the reasons assigned, the order dismissing the cause is reversed and the cause is remanded with directions to set the cause on the trial call "below the black line."

Reversed and remanded with directions.

ADESKO, P. J. and MURPHY, J., concur.