(No. 47952.—

HARRY J. DIACOU *et al.,* Appellants, v. PALOS STATE BANK *et al.,* Appellees.

*Opinion filed November 24, 1976.*

Sidley & Austin, of Chicago (James W. Kissel and Roger H. Dusberger, of counsel), for appellants.

James A. Boyle, Jr., of Palos Heights, Nicholas T. Kitsos, of Chicago, and Peter E. Haleas and James W. Haleas, of Bridgeview, for appellees.

MR. JUSTICE CREBS delivered the opinion of the court:

On September 29, 1966, the plaintiffs, Mr. and Mrs. Harry J. Diacou, filed a two-count complaint in the chancery division of the circuit court of Cook County. Each count alleged identical wrongful conduct on the part of the defendants. It was alleged that the defendant bank was given securities and real property to hold as collateral to secure a loan made to the plaintiffs. It was further alleged that all of the defendants made representations to the plaintiffs upon which the plaintiffs detrimentally relied and that the bank wrongfully sold some of the collateral. Count I of the complaint sought certain equitable relief, including a temporary injunction restraining the bank from selling any of the remaining collateral. Count II of the complaint sought money damages.

A hearing on the plaintiffs' motion for temporary injunction began on October 13, 1966, was continued several times, and concluded on July 12, 1967, when the motion was denied. On August 22, 1967, the court authorized the defendant bank to sell the remaining collateral. On November 24, 1967, the plaintiffs filed a motion for an order directing the bank to return to the

plaintiffs surplus proceeds from the sale of the collateral and for certain other relief. The plaintiffs subsequently filed an amended motion in which they sought an order directing the defendants to deposit certain amounts of money with the clerk of the court until final disposition of the case. The defendants' motion to strike the plaintiffs' amended motion was granted, and the plaintiffs then filed a second amended motion for post-hearing relief. After several hearings were held on the matter, the plaintiffs' second amended motion was denied on September 22, 1969. The plaintiffs filed a notice of appeal from the order denying their motion, but the appeal was later dismissed on plaintiffs' motion.

On January 27, 1970, a new attorney filed his appearance on behalf of the plaintiffs. Plaintiffs' original attorney did not move to withdraw as counsel, but he never again participated in the case. On June 12, 1970, the court granted the plaintiffs' motion to transfer count II of the complaint to the law division of the circuit court of Cook County. The defendants moved to vacate that order, alleging that the court had heard all of the evidence concerning the alleged wrongdoing on the part of the defendants and that count II was barred on the grounds of *res judicata.* The court denied this motion to vacate, holding that while count I had been disposed of in the chancery division, the plaintiffs nonetheless had a right to have count II heard in the law division.

On February 23, 1972, the second attorney for the plaintiffs was granted leave to withdraw from the case. The court found that the plaintiffs had been served with notice that their counsel was seeking leave to withdraw and ordered the plaintiffs to proceed without an attorney until further order of the court. On May 18, 1972, the case was called for trial on the regular call of cases and was dismissed for want of prosecution.

On May 9, 1973, almost one year after the case was dismissed, the plaintiffs sought relief pursuant to section

72 of the Civil Practice Act by filing a petition to vacate the order dismissing the cause for want of prosecution. (Ill. Rev. Stat. 1973, ch. 110, par. 72.) It was alleged in the petition that the failure of the plaintiffs to appear in court on May 18, 1972, was the result of a "procedural misunderstanding or mistake on the part of the plaintiffs" and an accident suffered by the plaintiffs' attorney. It was further alleged that the plaintiffs had a good and meritorious cause of action.

An affidavit of Anne Sullivan was filed in support of the plaintiffs' petition. The affiant stated that she and her husband, John Sullivan, were both attorneys and that plaintiff Harry J. Diacou had conferred with John Sullivan in Sullivan's office on February 28, 1972. On that date, according to the affidavit, Diacou paid Sullivan $300 to investigate the case. The affiant further stated that, in checking Sullivan's file on the case, she found 11 pages of handwritten notes regarding the case, dated March 31, 1972, along with a letter sent by Sullivan to Harry Diacou on May 12, 1972, telling Diacou to contact Sullivan. In addition, Diacou had an office appointment with Sullivan on September 7, 1972. It was also alleged in the affidavit that John Sullivan had suffered two strokes in 1972 and that he was incapacitated as of April 26, 1973, the date on which the affidavit was signed. The affidavit states that John Sullivan was hospitalized on five occasions in 1972. The affiant further stated that she received calls from plaintiff Harry Diacou in November and December 1972, and in January 1973, about the case, that she could not find a file concerning the plaintiffs' case in John Sullivan's office, and that she finally found the file at Sullivan's apartment in February 1973. The affiant then checked the court file and discovered that the case had been dismissed for want of prosecution. On February 8, 1973, the affiant advised Diacou that he must find another attorney to represent him and that he must do so "without delay."

The affiant further stated that she received a call on

February 20, 1973, from an attorney who stated that he and another attorney had spoken to Diacou and that they would like to examine the file. Because of a heavy work load, the attorneys did not pick up the file from the affiant until April 20, 1973. The section 72 petition was prepared by still another attorney and filed on May 9, 1973.

An amended section 72 petition was filed by the plaintiffs on October 23, 1973. In support of the amended petition, the plaintiffs filed an affidavit in which they stated that they had retained John Sullivan to represent them on February 28, 1972. The affiants further asserted that they had repeatedly tried to contact Sullivan after February 28, 1972, but were unable to do so. After learning on February 8, 1973, that the case had been dismissed, the plaintiffs allegedly acted diligently in retaining new counsel.

On November 21, 1973, the court heard arguments of counsel and granted the plaintiffs' amended petition to vacate the order dismissing the cause for want of prosecution. The defendants filed a timely notice of appeal from the order granting the section 72 petition. The Appellate Court for the First District reversed the judgment of the trial court, reasoning that the plaintiffs had failed to demonstrate that they acted diligently in filing their section 72 petition. (*Diacou v. Palos State Bank,* 31 Ill. App. 3d 283.) We have granted the petitioners leave to appeal from the judgment of the appellate court.

In determining that the plaintiffs had failed to exercise due diligence in presenting their petition, the appellate court focused upon the period of time subsequent to February 8, 1973, the date on which the plaintiffs learned of the dismissal of their suit. We agree with the appellate court that the plaintiffs failed to act with due diligence during this period. Contrary to the view of the appellate court, we also consider that the petition and supporting affidavits demonstrate a lack of due

diligence on the part of the plaintiffs during the entire period following the entry of the dismissal order.

Nevertheless, even if we assume that the plaintiffs acted with due diligence in learning of the dismissal and presenting their petition, they are still not entitled to relief. In *Esczuk v. Chicago Transit Authority,* 39 Ill. 2d 464, this court had occasion to review another petition seeking to vacate a dismissal for want of prosecution. There the suit had been dismissed when the plaintiff failed to attend a pretrial conference. Although the plaintiff denied any knowledge of the conference, in her petition she attributed her failure to attend to "mere inadvertency or excusable neglect." The trial court denied the petition, brought pursuant to section 72, but the appellate court reversed. On appeal, this court reversed the judgment of the appellate court. Initially, we discussed the nature of the showing required of litigants who seek to avail themselves of section 72 relief:

"Section 72 of the Civil Practice Act substitutes a simple remedy by petition for various forms of post-trial relief and enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Brockmeyer v. Duncan,* 18 Ill. 2d 502; *Glenn v. People,* 9 Ill. 2d 335.) However, a party may not avail himself of the remedy provided by section 72 'unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. [Citations.] Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence.' (*Brockmeyer v. Duncan,* 18 Ill. 2d 502, 505.) The burden is upon the petitioner under section 72 to allege and

prove the facts justifying relief." 39 Ill. 2d 464, 467.

Stressing the duty of litigants to follow their cases, and noting the absence of any "suggestion of fraud or unconscionable behavior" (39 Ill. 2d 464, 469), this court held that the petition in question had been properly denied. See also *Fennema· v. Vander Aa,* 42 Ill. 2d 309; *Williams v. Pearson,* 23 Ill. 2d 357.

In the present case, the plaintiffs' original petition alleged that the plaintiffs' failure to appear was due in part to a "procedural misunderstanding or mistake on the part of the plaintiffs." While this allegation was not repeated in the plaintiffs' amended petition, and thus need not be considered here (*Elfman v. Evanston Bus Co.,* 27 Ill. 2d 609, 610), we observe its similarity to the averments made in *Esczuk.* Significantly, neither the original nor the amended petition contains any allegation that the plaintiffs or their counsel lacked knowledge that the case would be called for trial on May 18, 1972. In this respect, the plaintiffs failed to make even the minimal showing found insufficient in *Esczuk.* Although the plaintiffs allege in their petition for leave to appeal (which they elected to have stand as their brief) that they "received no notice of the call of their case," this allegation is not contained in either petition. Moreover, such an allegation is in any event consistent both with the giving of notice (*Fennema v. Vander Aa,* 42 Ill. 2d 309, 311) and with full knowledge of the trial call on the part of the plaintiffs and their counsel.

A second reason given by the plaintiffs in their original petition to justify their failure to respond to the trial call was the "physical accident that happened to" their attorney, John Sullivan. This allegation was elaborated upon in the plaintiffs' amended petition and there advanced as the *sole* reason for the plaintiffs' failure to respond to the call. In pertinent part, the amended

petition stated that "due to the repeated illnesses of John R. Sullivan, he was not able to be in Court to represent Petitioners on May 18, 1972." In support thereof, the plaintiffs offered an affidavit by Anne Sullivan, wife of counsel for the plaintiffs. However, while her affidavit indicates that John Sullivan suffered two strokes and five hospitalizations during 1972, the dates of the strokes are not given. More importantly, according to the affidavit none of the hospitalizations occurred, nor does the affidavit disclose any illness, during the period between February 28, 1972, when the plaintiffs retained Sullivan, and May 18, 1972, when the suit was dismissed. The affidavit also states that John Sullivan was "presently incapacitated and unable to carry on his law practice." Regardless of the accuracy of that statement as a characterization of Sullivan's health on April 26, 1973, the date on which the affidavit was signed, such an allegation sheds little if any light on the question of Sullivan's condition on May 18, 1972, almost one year earlier. In fact, based upon the affiant's discoveries in checking Sullivan's file on the case, it would appear that Sullivan conferred with Harry Diacou on February 28, 1972, took extensive notes regarding the case on March 31, 1972, and wrote to Diacou concerning a future appointment on May 12, 1972, less than one week prior to the date the case was called for trial. Such activity on Sullivan's part suggests that he was then engaged in the practice of law.

In their amended petition, the plaintiffs conceded that, on February 23, 1972, they were directed to proceed *pro se* until further order of court. They also acknowledge that John Sullivan never filed an appearance in the case. Furthermore, the plaintiffs do not allege any lack of knowledge of the trial call or any personal disabilities which would have prevented their appearance on the trial date. Consequently, the plaintiffs could have themselves appeared in court on May 18, 1972, or retained other counsel to appear on their behalf.

Lastly, the plaintiffs contend that to allow the dismissal to stand would be "unfair, unjust and unconscionable" and contrary to this court's decision in *Elfman v. Evanston Bus Co.,* 27 Ill. 2d 609. It will suffice to say that no such circumstances are apparent here, notwithstanding the plaintiffs' conclusional allegations. As to *Elfman,* we distinguished that decision in *Esczuk* in language equally apropos in the present context.

Since the plaintiffs have wholly failed to justify their failure to respond to the trial call, or otherwise demonstrate any basis for an award of section 72 relief, the trial court abused its discretion in granting their petition to vacate. Accordingly, we need not consider the defendants' further contention that the plaintiffs' cause of action was barred on the ground of *res judicata,* thereby rendering the plaintiffs' petition subject to dismissal. The judgment of the appellate court is affirmed.

*Judgment affirmed.*