44 Ill. App.3d 934 (1976)
358 N.E.2d 1308
THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Petitioner-Appellant,
v.
O'HARE INTERNATIONAL BANK, Trustee, Defendant-Appellee.
No. 62892.
Illinois Appellate Court  First District (1st Division).
Opinion filed December 30, 1976.
*935 William J. Scott, Attorney General, of Chicago (Timothy J. Riordan and James W. Good, Jr., Assistant Attorneys General, of counsel), for appellant.
Donald M. Haskell and Daniel J. Pope, both of Chicago (Haskell & Perrin, of counsel), for appellee.
Order reversed.
Mr. JUSTICE SIMON delivered the opinion of the court:
This is an appeal from an order vacating a judgment awarding defendant damages for condemnation of its property. The judgment was entered when defendant failed to appear for trial. The circuit court granted defendant's petition to set aside the judgment pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72).
The State of Illinois filed a petition on September 7, 1968, to condemn various parcels of property, including two parcels (48 and 49) owned by the defendant. Defendant filed a cross-petition seeking recovery of damages to the remainder. The State took title to the defendant's property under a "quick-take" proceeding, and on October 4, 1968, an order was entered fixing the preliminary just compensation for defendant's parcels. Thereafter, the State and the defendant, through their attorneys,[1] attempted to reach a settlement. Defendant's attorney indicated that he would submit a counteroffer.
Numerous telephone calls were made by the attorney for the State to the defendant's attorney, and when no response was received, the attorney for the State wrote a letter to defendant's attorney asking him to review the matter. Defendant's attorney again did not respond. On November 14, 1972, defendant's attorney was contacted by telephone and again urged to submit a counteroffer. After receiving no response, the State presented a motion, with notice to the defendant's attorney, seeking a setting for trial, and the matter was set on February 8, 1973, for trial on March 26, 1973. A copy of the order was forwarded to defendant's attorney on February 20, 1973, along with a cover letter indicating that preparation for trial would be commenced if he did not contact the attorney for the State by March 1, 1973. Defendant's attorney did not reply to the letter.
On each of the following days, the attorney for the State appeared in court while defendant's attorney was absent: March 26, 1973, April 11, 1973, April 25, 1973, May 9, 1973, and May 22, 1973. On each occasion the case was continued. On or shortly after each of these dates, the attorney for the State either wrote a letter to the defendant's attorney or telephoned his office to inform him of the date to which the matter was continued.
*936 When, on May 22, 1973, defendant's attorney again failed to appear in court, the trial judge announced that the defendant's attorney should be given a last chance to appear, and an order was entered setting the case for trial on May 24, 1973. This order referred to parcels 47 and 48 instead of 48 and 49. The defendant's attorney's office was notified by telephone of the May 24 trial date.
On May 24, 1973, when defendant's attorney again failed to appear in court, the trial judge and the attorney for the State agreed that the matter should be proved up ex parte before a jury. The prove-up was conducted in the forenoon. After the State had presented its evidence, one juror refused to sign the verdict because neither the owner nor its counsel was present. A mistrial was, therefore, declared and the court rescheduled the prove-up for 2 p.m. that same day. Defendant's attorney was not notified of the new trial.
At 2 p.m., a new juror was substituted for the one who had refused to sign the verdict, and the new trial commenced. An appraiser testified as to the fair market value of each parcel. In his opinion the just compensation for parcels 48 and 49 was identical with the quick-take award: $6,550 and $3,426 respectively. The appraiser also testified that he did not find any damage to the remainder. The jury verdicts for each parcel were identical to the appraiser's estimate, and the jury found there had been no damage to the remainder. The court entered a judgment order on May 24. Although the clerk of the circuit court never notified defendant of this judgment, the attorney for the State advised defendant's attorney by letter dated June 14, 1973, within 30 days of the entry of the judgment order, of that judgment and enclosed a copy of it. Defendant sought no relief from the judgment within the 30-day period provided for in section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)).
On February 18, 1975, defendant's attorney telephoned the attorney for the State and stated that he had just learned of the entry of the judgment order. He indicated that the letter of June 14, 1973, had been received in his office, but that through inadvertence it had never been brought to his attention. On May 22, 1975, defendant's attorney filed a petition pursuant to section 72 to vacate the judgment order, and after a hearing, the trial court vacated the judgment.
The State contends that the trial court should not have granted relief under section 72 because defendant's petition failed to indicate that defendant was diligent in following the progress of the case or in presenting the motion to vacate. The defendant contends that any negligence on the part of its trial counsel should not bar relief under section 72, if equitable relief is necessary to prevent injustice.
 1 The purpose of section 72 is to enable a party to bring before a court facts which, if known at the time of judgment, would have *937 prevented the entry of the judgment. However, the moving party must demonstrate that his own negligence did not prevent the trial court from knowing these facts. (Esczuk v. Chicago Transit Authority (1968), 39 Ill.2d 464, 236 N.E.2d 719.) In the present case, defendant and its counsel failed to appear in court on six different dates. On each occasion, defendant's counsel had written or oral notice of the hearing date. In addition, the case was listed in the Chicago Daily Law Bulletin before each hearing date. Defendant suggests that its attorney's docket clerk inadvertently failed to include the matter in the office diary for May 24, 1973, the date of the prove-up by the State. However, inadvertent omissions of a party's counsel or its employees are not grounds for relief under section 72 absent any showing of fraud or fundamental unfairness. Esczuk v. Chicago Transit Authority (1968), 39 Ill.2d 464, 236 N.E.2d 719.
In addition to showing that the judgment was entered because of excusable mistake rather than negligence of the party seeking relief, a petition relying on section 72 must show due diligence by the moving party in presenting its petition for relief. (Diacou v. Palos State Bank (1976), 65 Ill.2d 304, 357 N.E.2d 518.) In this case, the defendant's attorney knew on or prior to February 18, 1975, of the entry of the judgment. Yet he did not file a petition to vacate until May 22, 1975, more than 3 months later and only 2 days prior to the expiration of the 2-year limitations period provided for by section 72. A similar 3-month delay was held to be evidence of lack of due diligence in Diacou.
 2 We are mindful that a section 72 petition involves the equitable power of the court (Elfman v. Evanston Bus Company (1963), 27 Ill.2d 609, 190 N.E.2d 348), and that the requirement of due diligence need not be rigidly enforced where fraud or unconscionable behavior is shown (Manny Cab Co. v. McNeil Teaming Co. (1975), 28 Ill. App.3d 1014, 329 N.E.2d 376; George F. Mueller & Sons, Inc. v. Ostrowski (1974), 19 Ill. App.3d 973, 313 N.E.2d 684; Hall v. Hall (1973), 15 Ill. App.3d 599, 304 N.E.2d 763). In all these cases, however, the plaintiff's counsel failed to notify defendant's counsel of the judgment until more than 30 days after it had been rendered. And, in each case, defendant's counsel filed a petition to vacate within 4 weeks of learning of the entry of the judgment.
There was no fraud or unconscionable conduct on the part of the State in the present case. Although in retrospect it would have been wiser for the attorney for the State to have made one last effort to reach defendant's counsel after the mistrial was declared on the morning of May 24, 1973, his failure to do so in view of six previous unsuccessful attempts did not result in fundamental unfairness to the defendant. Moreover, even if failure to notify the defendant of the afternoon hearing on May 24 excuses defendant's absence at the trial that afternoon, it does not excuse his lack of diligence in seeking to vacate the order entered as a result of that trial.
*938 Apart from the lack of notice of the May 24, 1973, afternoon hearing, defendant presents three reasons[2] why relief under section 72 was necessary to prevent injustice: (i) any negligence was attributable to defendant's counsel or his employees rather than to the defendant; (ii) the judgment order as to parcel 49 is void because of the State's failure to include parcel 49 in the order setting the case for trial on May 24, 1973, and (iii) the judgment order as to both parcels is void for failure to contain a legal description of either parcel, or to refer to a document which does. None of these arguments is persuasive.
A section 72 petitioner is normally bound by the negligence of his attorney. (Limar-Pinehurst, Inc. v. Welter (1976), 38 Ill. App.3d 800, 804, 350 N.E.2d 252.) A court may refuse to impute negligence where mitigating circumstances exist. In Trojan v. Marquette National Bank (1967), 88 Ill. App.2d 428, 232 N.E.2d 160, for example, the defendants found it difficult to communicate with their lawyer. No such circumstances have been presented here.
 3 The record does not support defendant's contention that parcel 49 was not properly set for trial on May 24, 1973. Because of inadvertence, the orders entered on May 9, 1973, and May 22, 1973, referred to parcels 47 and 48, rather than parcels 48 and 49, but this error did not prejudice the defendant. Parcels 48 and 49 had been handled by the same attorney from the beginning of the case, and notice of the continuance of the case to a new date was given defendant's attorney's office by telephone.
 4 Finally, defendant argues, based on Helm v. City of Grayville (1906), 224 Ill. 274, 79 N.E. 689, that the failure of the verdict form or the judgment order to incorporate a legal description of the property renders the judgment void. In Helm, the ordinance and the petition contained conflicting legal descriptions of the location of a ferry dock to be erected, and the verdict form merely referred to just compensation "for the value of the land taken," without further description. In the present case, the petition contains a full legal description of the parcels, identified by numbers 48 and 49. The appraiser-witness referred to the parcels by numbers 48 and 49 and described the dimensions and characteristics of the parcels (though his testimony did not include a legal description). The verdict form and judgment order also refer to the parcels by the same numbers. The dangers of confusion which disturbed the court in Helm are, therefore, not present in this case.
 5 Defendant has failed to demonstrate due diligence either in *939 preventing the entry of the judgment or in seeking to vacate it. It has also failed to establish any other basis for equitable relief. The order of the circuit court granting defendant's petition and vacating the judgment of May 24, 1973, was under these circumstances an abuse of discretion, and is accordingly reversed.
Order reversed.
GOLDBERG, P.J., and O'CONNOR, J., concur.
NOTES
[1] Defendant is represented by different counsel on appeal.
[2] Defendant does not suggest that the act of substituting one juror instead of impaneling an entirely new jury constitutes a basis for relief under section 72. In any event, this would not be a basis for equitable relief. At both the morning and afternoon trials, the sole witness was the State's expert appraiser. Thus, the jury could not reasonably have arrived at any damage figures other than those he gave, and the decision not to impanel an entirely new jury did not prejudice defendant.