WARREN E. KING, Plaintiff-Appellant, *v.* EQUITY MORTGAGE COR-
PORATION, Defendant.—(UNITED OF AMERICA BANK,
Garnishee-Appellee.)

First District (3rd Division)    No. 77-330

Opinion filed August 17, 1977.—Rehearing denied September 19, 1977.

King and Braude, of Chicago, for appellant.

Ivan M. Rittenberg, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The plaintiff, Warren E. King, appeals from an order entered on October 25, 1976, pursuant to section 72 of the Civil Practice Act vacating a default judgment against the garnishee defendant, United of America Bank. Subsequently the trial court dismissed the action against the garnishee.

The garnishee was served with the initial interrogatories prior to February 20, 1976. After the garnishee failed to appear or to answer the interrogatories, conditional judgment was entered in favor of plaintiff on February 20, 1976. Summons after conditional judgment was served upon the garnishee on May 6, 1976, and, on May 18, 1976, an order was entered confirming the conditional judgment in favor of the plaintiff against the garnishee in the sum of $1,671.32.

On July 2, 1976, the garnishee filed its section 72 petition, supported by affidavit, to vacate the final judgment of May 18, 1976. The pertinent

portions of the petition and affidavit were as follows: that the garnishee had a good and meritorious defense in that it did not have in its possession any money belonging to the judgment debtor; and that garnishee's failure to appear and answer either the initial interrogatories or the summons to confirm judgment was due to a change of personnel and clerical error at the bank which the petitioner set forth as excusable error. The petition also complained that the plaintiff delayed execution or notice of its demand for 30 days after entry of the final judgment in his favor.

■■ The issue on appeal, simply stated, is whether the garnishee's statement in its petition that a change of personnel and clerical error constituted excusable error for its failure to answer two notices prior to the entry of final judgment and entitled it to section 72 relief. It is our belief that the petition on its face is inadequate to support section 72 relief, and that the trial court erred in vacating the judgment.

In *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719, the supreme court set forth at page 467 the nature of the showing required of litigants who seek to avail themselves of section 72 relief:

> "Section 72 of the Civil Practice Act substitutes a simple remedy by petition for various forms of post-trial relief and enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Brockmeyer v. Duncan*, 18 Ill. 2d 502; *Glenn v. People*, 9 Ill. 2d 335.) However, a party may not avail himself of the remedy provided by section 72 'unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. [Citations.] Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence.' (*Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505.) The burden is upon the petitioner under section 72 to allege and prove the facts justifying relief."

■■ In our view, the garnishee defendant failed to demonstrate that it was free from any fault or mistake in the entry of the judgment. The recital, vague as it is, that a change of personnel and clerical error caused it to fail to respond to two notices it acknowledges receiving, appears to be an admission of negligence on the part of the garnishee debtor rather than a matter of excusable error. The garnishee complains in this court that the plaintiff failed to file an answer or a motion to strike the petition. The vague and conclusionary statement contained in the petition was incapable of being answered. Moreover, in *Esczuk* the court pointed out that it is petitioner's burden to allege facts justifying relief. Under the facts and circumstances of this case, the garnishee has failed to meet that burden.

Accordingly, the order of the circuit court of Cook County vacating the judgment against the garnishee-defendant is reversed, and the judgment in favor of plaintiff is reinstated.

Order reversed.

JIGANTI and McGILLICUDDY, JJ., concur.