68 Ill. App.3d 478 (1979)
386 N.E.2d 284
MARY MITCHELL, Plaintiff-Appellant,
v.
SANDY SEIDLER, Defendant-Appellee.
No. 77-563.
Illinois Appellate Court  First District (4th Division).
Opinion filed January 4, 1979.
*479 Marshall Teichner, of Chicago (Philip J. Rock, of counsel), for appellant.
Garbutt, Jacobson & Lee Associated, of Chicago (Jerome J. Jacobson and Mary A. Mulhern, of counsel), for appellee.
Judgment affirmed.
Mr. JUSTICE LINN delivered the opinion of the court:
On April 21, 1971, plaintiff, Mary Mitchell, filed an action in the Circuit Court of Cook County against defendant, Sandy Seidler, seeking recovery for personal injuries plaintiff allegedly sustained in an automobile accident. Following negotiations, plaintiff's attorney and defendant entered into a settlement agreement and the action was dismissed.
*480 Twenty-one months later, plaintiff filed a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) to vacate the dismissal order, alleging: (1) that she had not been informed of defendant's settlement offer; and (2) that she had not authorized her attorney to accept the offer. The petition was denied. Plaintiff appeals, contending the trial court abused its discretion in denying the section 72 petition.
We affirm the trial court.
The pertinent facts disclose plaintiff's filing of the personal injury action on April 21, 1971. On January 1, 1975, neither plaintiff nor her attorney appeared in court for trial, and the case was dismissed for want of prosecution.
On April 24, 1975, plaintiff, by way of a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72), sought to vacate the January 1, 1975, dismissal order. Plaintiff's petition was granted. In its order reinstating the case, the trial court noted:
"It has been represented to the Court by counsel for the parties that said cause has been settled by agreement * * *."
Based upon this representation, the trial court thereupon dismissed the reinstated action without costs.
On January 31, 1977, 21 months after the case had been settled and dismissed, plaintiff filed another section 72 petition, this time seeking to vacate the April 24, 1975, dismissal order. This section 72 petition is not verified, is not supported by affidavit(s), and is not signed by plaintiff. The only signature which appears on the petition is that of plaintiff's attorney, William Maddux.
Plaintiff's section 72 petition provides in pertinent part:
"1. That MARY MITCHELL * * * filed the * * * action for personal injuries sustained when the automobile in which she was riding was struck in the rear by the automobile driven by the Defendant, SANDY SEIDLER.
* * *
3. That during the pendency of this litigation MARY MITCHELL moved to Rt. 1, Box 23H, Lumberport, West Virginia, and that the Petitioner was residing at said address on April 24, 1975.
4. That on April 24, 1975, while the Petitioner was residing in Lumberport, West Virginia, a settlement offer of $8,500.00 was made by the Defendant's attorney and accepted by the attorney representing MARY MITCHELL.
5. That the Petitioner, MARY MITCHELL, was never informed of the $8,500.00 settlement offer and did not and would not authorize her attorney to accept $8,500.00 as full and complete settlement of this matter.

*481 6. That as a result of the aforesaid circumstances this lawsuit was settled and dismissed on the mistaken fact that MARY MITCHELL would accept $8,500.00 as full and complete settlement for this matter where in fact she did not and would not accept such sum as settlement for the substantial and continuing personal injuries which she suffered as a result of the accident with the Defendant.
7. That the Petitioner has a meritorious claim in that the Defendant struck the Petitioner in the rear while the Petitioner was stopped in traffic."
Notice of the section 72 petition's presentation to the trial court was sent by plaintiff to defendant and defendant's attorney by regular United States mail. Defendant responded by filing a special and limited appearance contending the trial court was without jurisdiction to entertain the petition.
Following the presentation of oral arguments (which are not transcribed in the record), the trial court denied plaintiff's petition for section 72 relief. Plaintiff appeals.

OPINION
All parties to a section 72 petition must be notified of its filing (Ill. Rev. Stat. 1975, ch. 110, par. 72(2)) in one of three ways:
(a) by personal service of summons as provided by law;
(b) by prepaid registered mail, return receipt requested, delivery limited to addressee only;[1] or
(c) by publication.
Ill. Rev. Stat. 1975, ch. 110A, pars. 105(b)(1)(2)(3), 106.
It is undisputed that plaintiff failed to utilize any of these methods in notifying defendant of her section 72 petition. Instead, notice was served on defendant and defendant's attorney by regular United States mail. Defendant contends that plaintiff's failure to comply with the methods of service set forth in Supreme Court Rule 105 (Ill. Rev. Stat. 1975, ch. 110A, par. 105) deprived the trial court of jurisdiction to entertain the section 72 petition. Compare Andonoplas v. Jaremko (1972), 9 Ill. App.3d 298, 292 N.E.2d 225, and Grover v. Franks (1975), 27 Ill. App.3d 900, 327 N.E.2d 71, with Kammes v. Seger (1976), 41 Ill. App.3d 768, 355 N.E.2d 167, Public Taxi Service, Inc. v. Ayrton (1973), 15 Ill. App.3d 706, 304 N.E.2d 733, and Gorbatkin v. MacAndrews (1973), 15 Ill. App.3d 702, 304 N.E.2d 739.
*482 We find it unnecessary to reach this jurisdictional issue for even if the trial court had jurisdiction to entertain the petition, plaintiff's section 72 petition is insufficient, as a matter of law, to support the relief requested.
 1 Section 72 provides a procedure whereby final orders, judgments and decrees may be vacated "after 30 days from the entry thereof * * *." (Ill. Rev. Stat. 1975, ch. 110, par. 72.) To warrant such relief the petitioner must demonstrate:
(1) the existence of a meritorious defense or claim (David Plywood & Lumber Co. v. Sloan (1977), 52 Ill. App.3d 71, 367 N.E.2d 101; Lammert v. Lammert Industries, Inc. (1977), 46 Ill. App.3d 667, 360 N.E.2d 1355);
(2) due diligence in presenting this defense or claim in the original action (Hogan & Farwell, Inc. v. Meitz (1976), 45 Ill. App.3d 216, 359 N.E.2d 740;
(3) that through no fault or negligence of his own an error of fact or a valid defense or claim was not made to appear to the trial court at the time the challenged judgment, order or decree was entered (Brunswick v. Mandel (1974), 59 Ill.2d 502, 322 N.E.2d 25); and
(4) due diligence in filing the petition for section 72 relief (Diacou v. Palos State Bank (1976), 65 Ill.2d 304, 357 N.E.2d 518; Department of Public Works & Buildings v. O'Hare International Bank (1976), 44 Ill. App.3d 934, 358 N.E.2d 1308).
The petitioner must set forth specific factual allegations supporting each of the above elements (Diacou v. Palos State Bank (1976), 65 Ill.2d 304, 357 N.E.2d 518; Lammert v. Lammert Industries, Inc. (1977), 46 Ill. App.3d 667, 360 N.E.2d 1355) and must prove his right to the relief sought by a preponderance of the evidence (McKinnon v. Yellow Cab Co. (1975), 31 Ill. App.3d 316, 333 N.E.2d 659).
For a section 72 petition to be legally sufficient, a person having first hand knowledge of its factual allegations, which are extraneous to the record, must either verify the petition or submit an affidavit in support of it. Ill. Rev. Stat. 1977, ch. 110, par. 72(2); People v. Jayne (1977), 52 Ill. App.3d 990, 368 N.E.2d 422; Slade v. Bowman (1977), 49 Ill. App.3d 242, 364 N.E.2d 922.
 2, 3 The section 72 petition submitted by plaintiff in this case is not verified and is not supported by affidavit(s). Consequently, the petition is inadequate, as a matter of law, to support section 72 relief. As the court stated in Okumura v. Nisei Bowlium, Inc. (1976), 43 Ill. App.3d 753, 756, 357 N.E.2d 187, 190:
"[A]llegations in support of a section 72 petition unsworn to by a party with personal knowledge renders the petition inadequate and insufficient at law. [Citation.]" (Emphasis added.)
*483 Aside from being unverified and unsupported by affidavits, the petition in this case is not signed by plaintiff. The only signature which appears on the petition is that of plaintiff's attorney, William Maddux. Maddux did not represent plaintiff in the proceedings which occurred prior to the challenged dismissal order. Rather, Maddux entered his appearance on plaintiff's behalf for purposes of presenting this section 72 petition. It does not appear affirmatively from the record that Maddux has any first hand knowledge of the petition's factual allegations that are extraneous to the record.
Maddux's knowledge of these facts would appear to be based on conversations he had with plaintiff and plaintiff's prior attorney, rendering these factual allegations pure hearsay. This factor standing alone warrants the dismissal of the petition. Amerco Field Office v. Onoforio (1974), 22 Ill. App.3d 989, 317 N.E.2d 596.
In addition, plaintiff has not demonstrated the requisite due diligence in moving for section 72 relief. Diacou v. Palos State Bank (1976), 65 Ill.2d 304, 357 N.E.2d 518; Department of Public Works & Buildings v. O'Hare International Bank (1976), 44 Ill. App.3d 934, 358 N.E.2d 1308; American National Bank & Trust Co. v. Colby (1974), 19 Ill. App.3d 1051, 313 N.E.2d 305; but see Riley v. Unknown Owners (1972), 6 Ill. App.3d 864, 286 N.E.2d 806.
 4 Plaintiff's case was dismissed on April 24, 1975. It was not until 21 months later that plaintiff petitioned the trial court to vacate the April 24, 1975, dismissal order. The section 72 petition's factual allegations do not explain the reason for this inordinate 21-month delay. Consequently, the petition is fatally defective on its face and is insufficient, as a matter of law, to support the relief requested. Stony Island Church of Christ v. Stephens (1977), 54 Ill. App.3d 662, 369 N.E.2d 1313; Lammert v. Lammert Industries, Inc. (1977), 46 Ill. App.3d 667, 360 N.E.2d 1355; Gresham v. Poole (1974), 19 Ill. App.3d 958, 312 N.E.2d 668; Old Rose Distributing Co. v. Kallas (1973), 14 Ill. App.3d 740, 303 N.E.2d 206.
Plaintiff does allege in her petition that she "was never informed of the * * * settlement offer." This allegation, without further elucidation, fails to demonstrate plaintiff's diligence in moving for section 72 relief.
It is the duty of a litigant to follow the progress of her case (Esczuk v. Chicago Transit Authority (1968), 39 Ill.2d 464, 236 N.E.2d 719; Hogan & Farwell, Inc. v. Meitz (1976), 45 Ill. App.3d 216, 359 N.E.2d 740), and she may not simply assume that her attorney is doing everything necessary and proper in the conduct of the litigation (Lammert v. Lammert Industries, Inc. (1977), 46 Ill. App.3d 667, 360 N.E.2d 1355).
In this case, plaintiff fails to allege that she followed the course of the litigation in any way (Stewart v. Beegun (1970), 126 Ill. App.2d 129, 261 *484 N.E.2d 495) or that she even once, during this 21-month period, inquired of her attorney about the status of her case. Indeed, it would appear that allegations such as these could not be made since plaintiff does not claim her attorney misled or deceived her as to the settlement reached or the dismissal entered. (Cf. Lammert v. Lammert Industries, Inc. (1977), 46 Ill. App.3d 667, 360 N.E.2d 1355.) Finally, the petition fails to set forth when plaintiff first discovered her case had been dismissed. Without this rudimentary information, a court is prevented from determining whether plaintiff exercised due diligence in moving for relief under section 72.
In summary, the burden is upon petitioner to allege facts justifying relief. (Esczuk v. Chicago Transit Authority (1968), 39 Ill.2d 464, 236 N.E.2d 719.) That burden has not been met in this case.
We are aware that a section 72 petition invokes the equitable powers of a court to the extent that justice and fairness requires. (Elfman v. Evanston Bus Co. (1963), 27 Ill.2d 609, 190 N.E.2d 348.) However, considering the settlement which plaintiff is entitled to, and the complete insufficiency of plaintiff's petition to support the relief requested, the denial of plaintiff's petition does not violate principles of equity. David Plywood & Lumber Co. v. Sloan (1977), 52 Ill. App.3d 71, 367 N.E.2d 101; Hogan & Farwell, Inc. v. Meitz (1976), 45 Ill. App.3d 216, 359 N.E.2d 740; Department of Public Works & Buildings v. O'Hare International Bank (1976), 44 Ill. App.3d 934, 358 N.E.2d 1308.
Accordingly, for the reasons presented, we affirm the judgment of the trial court.
Affirmed.
JOHNSON, P.J., and ROMITI, J., concur.
NOTES
[1] This class of postal service has been discontinued. Effective November 1, 1978, service may be made "[b]y prepaid certified or registered mail addressed to the party, restricted delivery, return receipt requested showing to whom, date and address of delivery."