MORSKI & ASSOCIATES, INC., Plaintiff-Appellee, v. R & R RE-SOURCES, INC., Defendant-Appellant.

Fifth District   No. 5—89—0047

Opinion filed May 9, 1990.

William D. Stiehl, Jr., of Wimmer, Stiehl & Montalvo, P.C., of Belleville, for appellant.

Thomas Benedick, of O'Fallon, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Morski and Associates, Inc. (Morski), entered into a contract with R & R Resources, Inc. (R&R), whereby Morski was to prepare a permit application to the Illinois Department of Mines and Minerals so that a permit would be issued to R&R, which is in the business of mine reclamation. The contract provided that R&R was to pay Morski a fee not to exceed $40,000, and interest at the rate of 2% per month on all unpaid amounts under the contract.

Morski filed a complaint in circuit court on December 29, 1987, al-

leging that it had performed all provisions required of it under the contract or, in the alternative, that R&R had prevented Morski from performing its contractual obligations. Morski alleged in its complaint that R&R had failed and refused to make payments as required under the contract. The complaint prayed that judgment for breach of contract be entered in Morski's favor in the amount of $40,000, plus interest as provided in the contract. Service of the complaint on R&R via its registered agent, Robert Robeson, was made January 5, 1988. On February 8, 1988, a default judgment was entered in plaintiff's favor and against R&R in the sum of $53,023.71. R&R filed a petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401), on May 12, 1988. After a hearing on the matter, the court entered an order denying R&R's petition. R&R appeals the trial court's decision, raising the sole issue whether the trial court abused its discretion in denying R&R's petition for relief.

■ In order to prevail in a petition for relief from judgment pursuant to section 2—1401, the petitioner must prove his right to the relief sought by a preponderance of the evidence. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284, 286.) The *Mitchell* court set forth what the petitioner has to demonstrate to obtain relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), which is now section 2—1401:

"(1) the existence of a meritorious defense or claim [citation];

(2) due diligence in presenting this defense or claim in the original action [citation];

(3) that through no fault or negligence of his own an error of fact or a valid defense or claim was not made to appear to the trial court at the time and the challenged judgment, order or decree was entered [citation];

(4) due diligence in filing the [petition for relief from judgment] [citation]." *Mitchell*, 68 Ill. App. 3d at 482, 386 N.E.2d at 286.

R&R represents that it has a meritorious defense to the underlying cause of action in that R&R expects to prove that Morski breached the contract and is not entitled to judgment as a matter of law. R&R further alleges that R&R filed no responsive pleading prior to entry of the judgment because R&R's president was ill. Attached to the petition for relief is the affidavit of Robert Robeson, president and chief executive officer of R&R. Robeson states in his affidavit that he is 51 years of age, has suffered three heart attacks, and suffers from an arterial blockage, an aneurysm, and Parkinson's disease.

He further states that after being served with the complaint on January 5, 1988, he mailed the summons and complaint to Ray Renner, vice-president of R&R, because Robeson's doctor advised Robeson not to make the three-hour drive from his home to Belleville to answer the complaint. Ray Renner's affidavit, attached to the petition, states that he did not receive the summons and complaint from Robeson until after 30 days had lapsed from entry of the judgment. Renner further states in his affidavit that within two weeks of receiving the summons and complaint, he consulted an attorney to have the judgment vacated.

At the hearing on R&R's petition for relief, Ray Renner testified that he initially learned of the lawsuit against R&R during a telephone conversation with Robert Robeson. Robeson advised Renner during that conversation that he received a summons from Morski & Associates. Renner testified that Robeson did not ask him to take care of the matter, nor did he discuss getting an attorney. Renner testified that he is a 40% owner of the corporation, and that Robeson has been president and registered agent for the corporation since it was formed in 1981. When asked on cross-examination whether Robeson has always been in charge of handling the business affairs from the start of the corporation to the present time, Renner testified, "Well, he's been sick. He was, and he's been sick. He's had a couple of heart attacks since then." Renner testified that after the telephone conversation with Robeson, he assumed Robeson was handling the matter. It was not until the bank notified Renner that R&R's account had been frozen pursuant to a garnishment proceeding that Renner was aware that a judgment had been entered against R&R.

Robert Robeson did not testify at the hearing on R&R's petition for relief; therefore, the parties entered his previous deposition testimony into evidence. Robeson's deposition testimony revealed that during January of 1988, the month he was served with the underlying complaint in this cause of action, he was taking medication to treat Parkinson's disease, his heart disorder, and other ailments. Robeson testified that although he had to quit taking some of his medication because it caused him to become confused, he did recall being served with the complaint filed by Morski. Robeson testified that when he was served with the summons and complaint he read the documents and was under the impression he had to appear in Belleville, Illinois, to answer the complaint. He did not travel to Belleville, however, because his doctor advised him to avoid such lengthy trips. Robeson did not consult an attorney regarding the matter, but did call Renner to advise him of the litigation and then forwarded the summons and

complaint to Renner to handle at his discretion. Robeson did not recall whether during the telephone conversation he advised Renner that he would mail the summons and complaint to him.

■ Whether a section 2—1401 petition should be granted lies within the sound discretion of the trial court. (*People ex rel. Johnson v. Payne* (1984), 127 Ill. App. 3d 398, 403, 469 N.E.2d 270, 274.) Based on the facts of this case, we do not believe the trial court abused its discretion in denying R&R's petition for relief from judgment.

R&R maintains that it has demonstrated a meritorious defense, namely, that there was a failure of consideration on behalf of Morski in that Morski failed to perform under the contract. R&R also contends that it exercised due diligence in presenting this defense in the original action and that through no fault of its own did it fail to present this defense to the court. Defendant also argues that due diligence was demonstrated on its behalf in filing the petition for relief from judgment.

■ R&R failed to demonstrate that it exercised the requisite due diligence of section 2—1401. Notwithstanding Robeson's testimony as to his physical infirmities, the evidence was sufficient to establish that Robeson was aware of the urgency of the pending litigation, yet he failed to see to it that the matter was properly handled. Although the evidence reveals that Robeson did contact Renner upon being served with the summons and complaint, it appears that neither of them acted reasonably in resisting the judgment. (*Hogan & Farwell, Inc. v. Meitz* (1976), 45 Ill. App. 3d 216, 220-21, 359 N.E.2d 740, 743.) As evidenced by the record and Robeson's testimony, the only action taken by him with regard to the lawsuit was telephoning Renner to inform him of the litigation, and forwarding the summons and complaint to Renner without any instruction as to the course to take. When advised of the pending litigation, Renner failed to inquire of the status of the defense of the action, even though he was vice-president and 40% owner of R&R, and was aware that Robeson had been ill. Renner's testimony indicates that after receipt of the summons and complaint he did not contact an attorney regarding the matter for two weeks. It is the duty of a defendant, once the court acquires jurisdiction, to follow the case, and section 2—1401 is not intended to relieve a party from the consequences of his own mistake or negligence. *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467, 236 N.E.2d 719, 720.

■ R&R maintains that even if it failed to act with due diligence, equity and justice require that the default judgment be vacated.

Defendant relies on *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348, in arguing that fairness and justice require the exercise of our equitable powers to grant relief from the judgment. R&R has not alleged any fraud by Morski; however, R&R contends that to permit the judgment awarding the full contract price plus interest to stand would sanction an unfair advantage Morski has taken over R&R. R&R also charges Morski with impropriety in not informing it of entry of the default judgment until Morski began to execute on the judgment 30 days after its entry.

While failure to notify defendant of the entry of a default judgment may be considered (*Elfman*, 27 Ill. 2d 609, 190 N.E.2d 348), it does not make the judgment void. (*Falcon Manufacturing Co. v. Nationwide Brokers, Inc.* (1984), 123 Ill. App. 3d 496, 500, 462 N.E.2d 562, 566.) Furthermore, we do not find *Elfman* controlling in this case since there has been no showing that plaintiff acted fraudulently or unconscionably. This is not a case where defendant can call upon equity to remedy the ills which it has brought upon itself. In light of the foregoing, we find that the trial court did not abuse its discretion in denying R&R's petition for relief from judgment.

Affirmed.

RARICK and WELCH, JJ., concur.