JANET FRALEY, as Personal Representative of the Estate of John Thomas, Deceased, Plaintiff-Appellant, v. THE CITY OF ELGIN *et al.*, Defendants-Appellees.

Second District   No. 2—92—0708

Opinion filed September 27, 1993.

Charles E. Nave, of McNamee, Mahoney & Nave, Ltd., of Dundee, for appellant.

Patricia L. Argentati, of O'Reilly, Cunningham, Norton & Mancini, of Wheaton, for appellees.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, Janet Fraley, as personal representative of the estate of decedent, John Thomas, appeals from an order of the circuit court of Kane County dismissing her amended complaint against defendants, City of Elgin, Robert Baird, Frederick Paul Lugar and Sergeant Kelly, wherein she alleged negligence and wilful and wanton conduct. Plaintiff's sole contention on appeal is that the trial court erred in dismissing her complaint because it failed to recognize the "special duty" exception to governmental tort immunity under the circumstances of her case.

In January 1989, plaintiff filed a two-count complaint against defendants alleging negligence and wilful conduct. Following the dismissal of various paragraphs in count I of her complaint and a portion of the count II *ad damnum* clause seeking punitive damages, the clerk of the circuit court of Kane County issued notices, pursuant to local court rule 1.27, setting a March 28, 1991, hearing as to why plaintiff's case should not be dismissed for want of prosecution. Defense counsel appeared on the prescribed date; neither plaintiff nor her attorney appeared. The circuit court dismissed plaintiff's complaint for want of prosecution.

On April 12, 1991, plaintiff moved to vacate the dismissal order and noticed a hearing for April 23, 1991. On the hearing date, defense counsel appeared, but neither plaintiff nor her attorney appeared. According to defendants' brief, the trial court either struck plaintiff's motion to vacate or removed the motion from the call. In any case, according to defendants, the trial court did not enter an order. Our search of the record reveals no order reflecting the trial court's action.

On June 14, 1991, plaintiff again noticed up her motion to vacate for hearing on June 25, 1991. Defendants objected on the ground that the trial court no longer had jurisdiction because more than 30 days had elapsed since the entry of the order of dismissal for want of prosecution. The trial court granted plaintiff's motion to vacate the March 28 order. Subsequently, on defendants' motion, the trial court dismissed the remaining allegations of count I and count II of plaintiff's complaint.

Plaintiff filed an amended one-count complaint sounding in negligence and wilful conduct. Her complaint alleged that on or about January 27, 1988, decedent was arrested by officers of the Elgin police department and transported to the police station. During transport, decedent exhibited unusual behavior and repeatedly banged his head against the walls of the paddy wagon. Following his arrival at the station, decedent was placed in "solitary confinement." He was not checked on a regular basis nor were any special precautions taken. Sometime later on the date of his arrest, decedent was found dead in his cell, hanging by his neck. Plaintiff alleged that defendants were guilty of carelessly, negligently, and wilfully failing to check decedent on a regular basis, remove his personal effects at the time of detention, supervise the cell blocks, seek a treatment alternative to detention, exercise practices and customs relative to intoxicated or self-destructive persons, maintain a camera surveillance system, and inspect the jail facility for health and safety hazards. Additionally, defendants' decision that corrective measures were unnecessary to remedy design defects in the jail facility resulted in a health and safety hazard. Further, defendants' knowledge of a suicide approximately one year prior to decedent's suicide placed defendants on notice of a dangerous condition within the jail facility, thus giving rise to a duty to correct defects in order to prevent future suicides.

Defendants filed a section 2—619 motion to dismiss (735 ILCS 5/ 2—619 (West 1992)), asserting, in part, that section 4—103 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/4—103 (West 1992)) barred plaintiff's claim. Defendants further argued that plaintiff's case did not come under the "special duty" exception to the Tort Immunity Act. (See generally *Barth v. Board of Education* (1986), 141 Ill. App. 3d 266.) The trial court dismissed plaintiff's complaint, holding that *Bollinger v. Schneider* (1978), 64 Ill. App. 3d 758, was controlling and that the special exception to section 4—103 of the Tort Immunity Act did not apply. Plaintiff timely appeals from the dismissal of her amended complaint.

Defendants initially contend that we should not consider this appeal because the trial court lacked jurisdiction to enter the June 25, 1991, order vacating its earlier order dismissing plaintiff's complaint for want of prosecution. Defendants argue that plaintiff's failure to appear at the April 23, 1991, hearing on her motion to vacate and the trial court's failure to enter an order on the motion were tantamount to an abandonment of the matter. Therefore, when the trial court later heard plaintiff's "re-noticed" motion on June 25, and entered its order vacating the dismissal, it was without jurisdiction to do so because more than 30 days had passed since the dismissal for want of prosecution.

■ As a general rule, the trial court loses jurisdiction over a matter when (1) 30 days have passed following the entry of a final and appealable order concerning that matter; and (2) during that time, neither party has taken action to delay the 30-day period. (*Bowers v. Village of Palatine* (1990), 204 Ill. App. 3d 135, 137.) A dismissal for want of prosecution is not a final order. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112.) Contrary to defendants' contention, the trial court did not lose jurisdiction over the present matter 30 days after the entry of the dismissal for want of prosecution. Although the record is not clear regarding the trial court's action at the April hearing, we decline to speculate that plaintiff abandoned her motion to vacate the dismissal. Plaintiff's April 12 motion to vacate the dismissal order tolled the running of the 30-day period. Absent any evidence of an order disposing of that motion, we must conclude that the motion remained pending, and the trial court retained jurisdiction to vacate the dismissal order. See *Bowers*, 204 Ill. App. 3d at 137.

Turning to the merits of the appeal, plaintiff contends that her claim was not barred by section 4—103 of the Tort Immunity Act because the facts as pleaded brought her cause of action within the "special duty" exception to statutory immunity. Defendants respond that various sections of the Tort Immunity Act bar plaintiff's cause of action and that her claim does not fit within a special duty exception. Accordingly, we must first determine whether section 4—103, under the circumstances here, barred plaintiff's claim, and, if so, whether the special duty exception to statutory immunity precluded defendants' reliance on section 4—103.

■ Section 4—103 of the Tort Immunity Act provides:

"§4—103. Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein.

Nothing in this Section requires the periodic inspection of prisoners." 745 ILCS 10/4—103 (West 1992).

It is axiomatic that in construing a statute a court must ascertain and give effect to the legislature's intent. (*Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 110.) The statutory language employed is ordinarily the best indication of legislative intent, and such language should be accorded its plain or ordinary and popularly understood meaning. (*Collins*, 155 Ill. 2d at 111.) Moreover, a statute must be read as a whole, and no word or paragraph should be interpreted so as to be rendered meaningless. (*Collins*, 155 Ill. 2d at 111.) Additionally, a court must consider the reason and necessity for the law, the evil to be remedied, and the object to be obtained by the statute. *Collins*, 155 Ill. 2d at 111.

Taking the well-pleaded facts of plaintiff's complaint as true for the purpose of defendants' motion to dismiss and being further aware that a cause of action should not be dismissed upon its pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover (see *A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.* (1993), 243 Ill. App. 3d 905, 912), we conclude that the legislature intended section 4—103 of the Tort Immunity Act to immunize defendants from the type of conduct alleged in plaintiff's amended complaint. The gist of plaintiff's complaint is that decedent's suicide was caused by defendants' failure to monitor, supervise, or otherwise maintain the jail facility in a manner so as to safeguard decedent from the consequences of his own actions in taking his life. No facts are alleged to show that defendants were on notice of circumstances indicating that the suicide was immediately imminent or that defendants acted with wilful and wanton indifference to a life-threatening incident. Section 4—103 expressly immunizes local public entities and public employees from claims arising out of the failure to provide sufficient equipment, personnel, supervision or facilities therein. (745 ILCS 10/4—103 (West 1992).) Moreover, section 4—103 expressly provides that "[n]othing in [that] Section requires the periodic inspection of prisoners." (745 ILCS 10/4—103 (West 1992).) Although plaintiff further alleged that defendants owed decedent a duty premised upon prevailing practices relative to intoxicated persons, and having been on notice of a prior suicide at the jail facility, these allegations, without any factual support, were nothing more than legal conclusions. Furthermore, plaintiff's allegation that defendants failed to identify or undertake corrective measures relative to design defects were factually unsupported, thus making them insufficient as a matter of law. We need not consider conclusions of

fact or law unsupported by specific factual allegations. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504-05; *Abdo v. Trek Transportation Co.* (1991), 221 Ill. App. 3d 493, 496.) Accordingly, taking only the well-pleaded facts of plaintiff's complaint as true, we conclude that the clear legislative edict of section 4—103 of the Tort Immunity Act barred plaintiff's claim.

Furthermore, we find persuasive support for our conclusion in *Bollinger v. Schneider* (1978), 64 Ill. App. 3d 758. In *Bollinger*, an action was brought on behalf of a minor against the sheriff, several deputy sheriffs, and Rock Island County for injuries sustained when the minor was sexually and physically assaulted by other inmates while confined in the juvenile section of the county jail. In his complaint, the plaintiff alleged that he was placed in a cell with prisoners with known vicious and assaultive propensities; that the defendants failed properly to supervise, control, and inspect the juvenile section of the jail; and that defendants failed to separate him from attacking inmates. Defendants moved to dismiss on the grounds that various immunities afforded them under the Tort Immunity Act, including section 4—103, barred plaintiff's cause of action. Before reaching its ultimate holding that the immunities afforded the defendants were waived because of the existence of insurance, the court initially determined that the defendants were immunized from liability under section 4—103. Although the court provided only limited elaboration, it concluded that the clear language of section 4—103 with its express reference to detentional facilities conveyed the legislature's intent to bar claims grounded upon allegations of failing to safeguard plaintiff while detained in jail.

Our conclusion notwithstanding, however, plaintiff contends that the allegations of her complaint triggered the "special duty exception" to governmental tort immunity, thus precluding defendants from claiming the immunity afforded under section 4—103. It has been recognized that the special duty doctrine typically arises in two basic factual situations: (1) where a plaintiff sues a municipality for the failure to enforce a law or ordinance; or (2) when a plaintiff sues a municipality for injuries negligently caused by police officers or fire fighters while performing their official duties. (*Burdinie*, 139 Ill. 2d at 507-09.) Plaintiff cites no authority, and our research reveals none, which would bring the facts alleged in her complaint within a "special duty" exception to the legislative grant of immunity afforded local public entities and public employees under section 4—103. Instead, plaintiff relies solely on the formulaic expression of the exception enumerated in *Barth* (141 Ill. App. 3d at 278).

In *Barth*, the issue before the court was whether a city and its employees were immune from liability under section 4—102 of the Tort Immunity Act, which generally immunizes municipalities for the failure to provide adequate police protection (745 ILCS 10/4—102 (West 1992)), for the failure to provide adequate 911 emergency telephone service. Although the court acknowledged the special duty exception in its disposition, it held that 911 emergency telephone service was *not a police protection service*, thus not receiving the protection of section 4—102. (*Barth*, 141 Ill. App. 3d at 279.) Therefore, it was unnecessary to reach the issue of applying the special duty exception.

■ Plaintiff's reliance on *Barth* is misplaced for at least three reasons: (1) it does not involve similar or analogous factual circumstances; (2) the court never reached the issue of applying the special duty exception; and (3) the court did not address section 4—103. Other than attempting to fit the facts of the present case into the factors expressed in *Barth*, plaintiff has made no attempt to argue why the exception should, on the facts of this case, be extended from its traditional application to include the supervision, control, and maintenance of detentional facilities. Furthermore, in the absence of direct authority, plaintiff has made no attempt to identify, articulate, or reconcile any relevant policy considerations underlying section 4—103 and those cases that have applied the special duty doctrine as an exception to statutory immunity. Accordingly, in the absence of any convincing rationale, and the lack of controlling authority, we refuse to apply the special duty doctrine to the facts alleged here.

■ Finally, plaintiff suggests that her action could be maintained under section 3—102 of the Tort Immunity Act (745 ILCS 10/3—102 (West 1992)). Section 3—102 provides:

> "§3—102. (a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times it was reasonably foreseeable that it would be used ***." (745 ILCS 10/3—102(a) (West 1992).)

First we note that plaintiff cites no authority in support of her contention that section 3—102 provides her with a basis for relief. Moreover, the express language of section 3—102 contemplates that its application shall be precluded by the operation of other more specific provisions of the Tort Immunity Act. Accordingly, because we have concluded above that section 4—103 specifically addressed the circum-

stances alleged in plaintiff's complaint, section 3—102 is precluded from operation by section 4—103.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

UNVERZAGT and McLAREN, JJ., concur.