ANTHONY JEFFERSON, Plaintiff-Appellee, v. MICHAEL F. SHEAHAN, Sheriff of Cook County, Defendant-Appellant.

First District (3rd Division)   No. 1—95—3161

Opinion filed March 29, 1996.

Jack O'Malley, State's Attorney, of Chicago (Patricia Shymanski, Allen Kirsh, and Christine DeGraff Dawson, Assistant State's Attorneys, of counsel), for appellant.

Fred Rabinowitz, of Schaffner, Rabinowitz & Feinartz, P.C., of Chicago (Beverly Fisher, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Anthony Jefferson (plaintiff), a former pretrial detainee at the

Cook County Department of Corrections, brought an action against Sheriff Sheahan (defendant or Sheahan) to recover for injuries he received from a fellow detainee and which plaintiff alleged resulted from the willful and wanton conduct of Sheriff Sheahan in his failure to provide adequate personnel and supervision in the medical center of the Cook County jail. The trial court denied Sheahan's motion to dismiss which asserted absolute immunity based on section 4—103 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/4—103 (West 1992)).

The trial court found that there is an implicit exception for willful and wanton conduct under section 4—103 of the Act which applies to public employees like Sheriff Sheahan. On Sheahan's motion, the trial court, pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), certified two questions for this court to resolve:

Question No. 1. "While the immunity provided by 745 ILCS 10/4—103 does not contain a written exception for willful and wanton conduct, can a court judicially create such an exception to this provision and does such an exception exist?"

Question No. 2. "Do the allegations in the plaintiff's Complaint and response to the Bill of Particulars sufficiently plead a cause of action for willful and wanton conduct?"

Plaintiff's complaint offered the following facts. On December 18, 1993, plaintiff was a pretrial detainee at the Cook County Department of Corrections located at 26th and California (CCDC). Plaintiff claims that while awaiting trial he was assaulted by a fellow detainee, Anthony Curtis (Curtis), who struck plaintiff about the head and face with a steel cane allegedly provided by CCDC personnel. Plaintiff claims he was subsequently denied medical treatment for approximately one hour.

Curtis was a patient in the psychiatric center located within the CCDC facility who had been transferred to the medical facility within the same structure. Curtis was a "known dangerous and violent person" who was admitted to the medical center, which "was not equipped to care for psychiatric patients." CCDC personnel were aware of Curtis' violent propensities. In fact, Curtis told CCDC personnel that he was a danger to himself and others and that without his "medication" this danger increased. Curtis "repeatedly spoke out loud making threats to others."

Plaintiff's second amended complaint alleged sheriff's personnel were guilty of the following "wilful and wanton" acts: (1) knowingly permitted a dangerous psychotic (Curtis) to be transferred to the medical facility; (2) provided Curtis with a steel cane; (3) failed to adequately supervise the medical center; and (4) failed to provide

prompt medical attention for the serious injuries that were sustained in the assault.

Defendant filed a motion to dismiss pursuant to both sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619(a)(5), (a)(9) (West 1992)), asserting that defendant was "absolutely immune" from liability for the alleged injuries pursuant to section 4—103 of the Act and, even assuming a cause of action exists for willful and wanton conduct as an exception to section 4—103 immunity, neither the complaint nor the response to the bill of particulars sufficiently pleaded facts which demonstrated defendant's willful and wanton conduct.

On August 3, 1995, the trial court granted defendant's motion to dismiss plaintiff's count seeking redress for the injuries allegedly aggravated due to a delay in providing medical attention based on the applicable statute of limitations, but denied the motion to dismiss as to the remaining allegations related to governmental immunity. The trial court determined that an implied exception for willful and wanton conduct should be read into section 4—103 and that plaintiff's complaint pled sufficient facts to survive the motion to dismiss.

On defendant's motion, the trial court then certified the previously mentioned two questions to this court. The questions were modified on August 24, 1995, and this court granted defendant's motion to allow this appeal under Rule 308.

## QUESTION No. 1. WHILE THE IMMUNITY PROVIDED BY SECTION 4—103 DOES NOT CONTAIN AN EXPRESS EXCEPTION FOR WILLFUL AND WANTON CONDUCT, CAN A COURT JUDICIALLY CREATE SUCH AN EXCEPTION AND DOES SUCH AN EXCEPTION EXIST?

■ Section 4—103 of the Act provides:

"Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners." 745 ILCS 10/4—103 (West 1992).

Section 4—103 applies to CCDC detention facilities such as the one at issue and affords administrators of those facilities, such as defendant, immunity for the type of allegations contained in plaintiff's complaint, specifically, failure to adequately provide for and supervise the facility. See *Bollinger v. Schneider*, 64 Ill. App. 3d 758, 761, 381 N.E.2d 849 (1978).

Both sides urge this court to apply the plain language of section

4—103 and note that "[i]t is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent." *Certain Taxpayers v. Sheahen,* 45 Ill. 2d 75, 84, 256 N.E.2d 758 (1970). Section 4—103 does not provide an exception for conduct found to be willful and wanton, and the trial court erred by departing from the plain language of the statute by creating statutory exceptions, limitations or conditions.

Clearly, a judicial "finding" of an exception for willful and wanton conduct where none was expressly provided by the legislature contravenes a court's duty to give effect to legislative intent. It is "unmistakably clear that local public bodies may be successfully sued in Illinois only upon those terms and conditions and within the 'limitations on liability of such bodies' as specified by the General Assembly." *Thompson v. County of Cook,* 222 Ill. App. 3d 459, 465, 584 N.E.2d 170 (1991), quoting *Curtis v. County of Cook,* 98 Ill. 2d 158, 164, 456 N.E.2d 116 (1983).

Some sections of the Act expressly provide an exception to absolute immunity, "unless conduct is willful or wanton," while others, including 4—103, do not.[1] If the legislature chose to include a willful and wanton exception in some sections, it follows that they likewise intended other sections to provide complete immunity.

Similarly, this court has declined past invitations to recognize an implied exception for willful and wanton conduct in similar sections. In *Glenn v. City of Chicago,* 256 Ill. App. 3d 825, 841, 628 N.E.2d 844 (1993), this court was presented with the issue whether section 2—205 of the Act provided absolute or qualified immunity. Section 2—205 provides: "A public employee is not liable for an injury caused by his

---

[1] By way of example, similar sections include a willful and wanton exception. Section 2—202 provides: "A public employee is not liable for his act or omission in the *** enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2—202 (West 1992).

Section 3—106 provides: "Neither a local public entity nor a public employee is liable for an injury *** unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." 745 ILCS 10/3—106 (West 1992).

Section 4—105 provides: "Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish medical care for a prisoner in his custody; but this Section shall not apply where the employee, *** through willful and wanton conduct, fails to take reasonable action to summon medical care." 745 ILCS 10/4—105 (West 1992).

adoption of, or failure to adopt, an enactment, or by his failure to enforce any law." 745 ILCS 10/2—205 (West 1992). This court found:
> " 'Unlike other sections of the Tort Immunity Act [citation], section 2—205 contains no language relating to wilful or wanton misconduct. This triggers the familiar maxim of construction that the inclusion of one is the exclusion of all else. Because the Illinois legislature could have easily inserted the 'wilful and wanton' language in section 2—205, but did not, the only logical conclusion can be that the immunity conferred under section 2—205 is absolute." *Glenn*, 256 Ill. App. 3d at 842, quoting *Carter v. Elmwood*, 113 Ill. App. 3d 235, 237, 515 N.E.2d 415 (1987).

Plaintiff seeks to distinguish *Glenn*, suggesting that while public policy supports absolute immunity in section 2—205, which provides public employees immunity for the adoption of, or failure to adopt an enactment or enforce any law, the same is not true for section 4—103. The *Glenn* court relied on rules of statutory construction and evidence of legislative intent in finding section 2—205 immunity "absolute." It did not base its decision on relative public policy considerations and, in any event, the policies behind sections 2—205 and 4—103 do not appear different.

Other sections of the Act, like section 4—103, are silent as to exceptions for willful and wanton conduct and have been interpreted to grant absolute immunity. In *Jamison v. City of Chicago*, 48 Ill. App. 3d 567, 569-70, 363 N.E.2d 87 (1977), this court found that sections 4—102 and 4—107 of the Act, which provide immunity to police officers for failure to make arrests or provide adequate police protection (745 ILCS 10/4—102, 4—107 (West 1992)), do not contain express exceptions for willful and wanton conduct and therefore provide absolute immunity. The court rejected the argument, made here by plaintiff, that section 2—202 "specifically" immunized public employees for acts or omissions in the execution or enforcement of any law except willful and wanton conduct (745 ILCS 1/2—202 (West 1992)) and should, therefore, have precedence over conflicting "general" immunity found elsewhere in the Act, *e.g.*, section 4—103.

The *Jamison* court further considered the public policy behind its interpretation:
> "When one considers the great amount of complaints made daily by persons for protective reasons it can easily be understood why the legislature, in its wisdom, would provide immunity to police as contained in sections 4—102 and 4—107 or otherwise municipalities would be exposed to limitless liabilities." *Jamison*, 48 Ill. App. 3d at 569-70.

Plaintiff seeks to distinguish *Jamison* on the ground that police are in need of blanket immunity while the sheriff, because of the

nature of his tasks, is not. However, the Cook County sheriff does not, as plaintiff suggests, have "a limited number of people" that he has somehow "chosen to keep in custody." This is an unrealistic and distorted view of the sheriff's office and his activities and one which this court does not find persuasive.

Plaintiff cites some authority for the recognition of liability upon a showing of willful and wanton misconduct. In *McQueen v. Shelby County*, 730 F. Supp. 1449, 1454 (C.D. Ill. 1990), the district court found, in the context of a wrongful death action brought against the county for the death of a jail inmate, that "the Tort Immunity Act does not shield a party from liability for their willful and wanton conduct." The central issue in *McQueen* was whether Shelby County could seek contribution (as a joint tortfeasor) from Coles County under the Contribution Act. *McQueen*, 730 F. Supp. at 1454. The district court held that no contribution was available for the willful and wanton acts causing decedent inmate's death. *McQueen*, 730 F. Supp. at 1454. The cited language in *McQueen* is *dicta* from a district court and thus is not binding authority. *Board of Trustees v. Illinois Human Rights Comm'n*, 141 Ill. App. 3d 447, 456, 490 N.E.2d 232 (1986); *People v. Fields*, 135 Ill. 2d 18, 72, 552 N.E.2d 791 (1990).

Although the court's statement in *McQueen* is generally supportive of plaintiff's position that exceptions for willful and wanton conduct can be "read into" otherwise silent sections of the Act, the language upon which plaintiff relies is not addressed to section 4—103, and, in light of the extensive first district precedent to the contrary, *McQueen* is not controlling. See also *Aikens v. Morris*, 145 Ill. 2d 273, 282, 583 N.E.2d 487 (1991) (Illinois Supreme Court recognized existence of "blanket immunity" in section 4—102 of the Act). The Illinois Supreme Court still is the best source for determining the law in Illinois.

Plaintiff cites two additional cases, *Doe v. Calumet City*, 161 Ill. 2d 374, 641 N.E.2d 498 (1994), and *Fraley v. City of Elgin*, 251 Ill. App. 3d 72, 621 N.E.2d 276 (1993), in support of the trial court's decision. In *Doe*, the supreme court held that the judicially created "special duty exception" to the Tort Immunity Act and the statutory exception for willful and wanton conduct found in section 2—202 of the Act are distinct exceptions. *Doe*, 161 Ill. 2d at 389. *Doe* does not, as plaintiff suggests, hold that a willful and wanton exception is available under section 4—103, only that a difference exists between the judicial doctrine of special duty and section 2—202's statutory allowance of an express willful and wanton exception. We decline to accept plaintiff's invitation to extend *Doe*'s holding to the facts of the instant dispute.

Similarly, plaintiff cites *Fraley* for the proposition that an implied exception for willful and wanton conduct exists under section 4—103. In *Fraley*, this court addressed the issue whether a special duty exception to tort immunity existed under section 4—103. *Fraley*, 251 Ill. App. 3d at 73. The court did not affirmatively hold that an exception for willful and wanton conduct also existed, rather that, in plaintiff's complaint: "No facts are alleged to show that the defendants were on notice of circumstances indicating that the [inmate's] suicide was immediately imminent or that defendants acted with wilful and wanton indifference to a life-threatening incident." *Fraley*, 251 Ill. App. 3d at 76.

■ Again, this rather general statement cannot dispel the weight of precedent specifically holding that absolute immunity was intended by our legislature. However, a recent supreme court decision provides a source of potential divergence from this line of decisions. In *Calloway v. Kinkelaar*, 168 Ill. 2d 312 (1995), the court held a sheriff liable for willful and wanton conduct under the Illinois Domestic Violence Act of 1986 (750 ILCS 60/102 (West 1992)) for failure to adequately enforce an order of protection entered against an abusive husband. Although the case and sheriff's liability were under the Domestic Violence Act, the court further observed in comparing the two acts that the "Tort Immunity Act *** excludes willful and wanton conduct from its scope of immunity." *Calloway*, 168 Ill. 2d at 328. Though this may be just a reiteration of the language in *Doe*, in apparently referring only to section 2—202 and the express inclusion of willful and wanton liability, it is a somewhat broader statement than that in *Doe* and one worth watching. However, absent more specific discussion of willful and wanton conduct as it applies to individual sections of the Tort Immunity Act, particularly section 4—103, this court will continue to focus on the clear legislative intent. This focus leads to the conclusion that the legislature did not intend there to be an exception for willful and wanton misconduct in section 4—103, and none may be judicially created.

QUESTION No. 2. DO THE ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT AND RESPONSE TO THE BILL OF PARTICULARS SUFFICIENTLY PLEAD A CAUSE OF ACTION FOR WILLFUL AND WANTON CONDUCT?

Because of our finding on the issue presented in the first certified question, we need not address the second.

For the reasons set forth above, we reverse the trial court's denial

of defendant's motion to dismiss and remand for further proceedings consistent with this opinion.

Reversed and remanded.

TULLY and CERDA, JJ., concur.