# Illinois Official Reports

## Appellate Court

*Black v. Dart*, 2015 IL App (1st) 140402

| | |
|---|---|
| Appellate Court Caption | JAMES BLACK, Plaintiff-Appellant, v. TOM DART (COOK COUNTY SHERIFF), Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-14-0402 |
| Filed | February 20, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff filed a *pro se* suit against defendant sheriff for damages plaintiff suffered from the sheriff's alleged mistreatment but he did not assert any challenge to the sheriff's immunity defense throughout the proceedings below and apparently conceded any such argument on appeal, there was no basis to disturb the trial court's entry of summary judgment for the sheriff on appeal, especially in view of the plain language of sections 4-103 and 2-201 of the Tort Immunity Act and the lack of any genuine issue of material fact. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-M1-301215; the Hon. Joseph Panarese, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Joel A. Flaxman and Kenneth N. Flaxman, both of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Daniel Gallagher, Michael L. Gallagher, and Michael D. Warner, Assistant State's Attorneys, of counsel), for appellee.

Panel

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Hall and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1 The plaintiff, James Black, brought a *pro se* lawsuit against the defendant, Tom Dart, sheriff of Cook County (Sheriff), for damages resulting from the plaintiff's alleged mistreatment while confined at the Cook County department of corrections (DOC). The trial court granted summary judgment in favor of the Sheriff under section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2010)). The plaintiff now appeals, contending that the court erred by (1) rejecting undisputed evidence that he had opted out of a pending federal class action suit based upon the same subject matter; and (2) entertaining a motion for involuntary dismissal under section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2012)) that was filed after the time for pleading had passed. For the following reasons, we affirm.

¶ 2 The facts articulated below are substantially undisputed. The plaintiff was arrested in April 2012. He was placed in Division 3 of the DOC from April 15, 2012 until April 21, 2012, at which point he was transferred to DOC Division 5, where he remained until his release on May 1, 2012.

¶ 3 On July 3, 2012, he filed a *pro se* amended complaint, alleging that, during the time he was held in Division 3, he was unable to take a daily shower, use the telephone or purchase personal items from the commissary. He further alleged that, upon his release, the DOC failed to return his clothing to him.

¶ 4 On July 27, 2012, the Sheriff filed an appearance and jury demand, and the court entered an order scheduling discovery and assigning the case to mandatory arbitration. On October 22, 2012, following arbitration, the Sheriff filed an answer and affirmative defenses, in which he asserted that his conduct was at all times reasonable and not in violation of the plaintiff's constitutional rights and also that the Sheriff was immune from suit under various sections of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1-101 *et seq.* (West 2010)).

¶ 5 On April 13, 2013, following the close of discovery, the Sheriff filed a "motion for judgment on the pleadings" and also for involuntary dismissal under section 2-619(a)(3) (735 ILCS 5/2-619(a)(3) (West 2012)). In support of judgment on the pleadings, the Sheriff

argued that, as a matter of law, he was absolutely shielded from liability under the Act with regard to each of the claims alleged by the plaintiff, including the loss of the plaintiff's clothing. In particular, the Sheriff asserted that, as a public entity, employee or employer, he (1) is not liable for failure to provide sufficient equipment, personnel, supervision or facilities in a jail; and (2) is not responsible for injuries arising from the discretionary acts of his employees or for claims resulting from matters involving policy determinations. As an additional and alternative basis for dismissal of the claim for the plaintiff's lost clothing, the Sheriff argued that, under section 2-619(a)(3) of the Code, there was "another action pending between the same parties for the same cause," namely, a class action suit that was currently pending in federal court brought by formerly incarcerated individuals against the Sheriff (Elizarri v. Sheriff of Cook County, No. 07-cv-2427) (hereinafter, *Elizarri*).

¶ 6      On August 8, 2013, with the assistance of counsel, the plaintiff filed a response to the motion for judgment on the pleadings, arguing that he had "opted out" of the federal class action and wished to litigate his claim about the "unlawful conversion" of his clothing in the instant state court proceeding. The plaintiff made no counterargument in response to the Sheriff's assertion that the plaintiff's claims were barred under the Act. In reply, the Sheriff disputed that the plaintiff had opted out of the class action, attaching documents purporting to show that the opt-out period had expired and that the plaintiff's name did not appear on the list of individuals who had opted out of the class action.

¶ 7      On August 22, 2013, the trial court entered an order denying the motion for judgment on the pleadings under *Delgatto v. Brandon Associates, Ltd.*, 131 Ill. 2d 183, 188-89 (1989), on the basis that it should properly have been brought as a motion for summary judgment. Accordingly, on September 5, 2013, the Sheriff filed his motion for summary judgment under section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2012)) again asserting that: (1) he was absolutely immune from the plaintiff's state claims under the Act (745 ILCS 10/2-201 (West 2010)); and (2) the plaintiff's claims for lost property should have been dismissed because those claims were the subject of the *Elizarri* class action against the Sheriff and the plaintiff was a putative member of that class.

¶ 8      On September 19, 2013, with all parties present, the court entered an order setting the remaining briefing schedule for the summary judgment motion, with the plaintiff's response due October 4, 2013, and the Sheriff's reply due October 11, 2013. The matter was set for a hearing on November 21, 2013.

¶ 9      On October 11, 2013, with no response brief having been filed by the plaintiff, the Sheriff filed a reply in support of his motion for summary judgment, memorializing that the court had, in the presence of the plaintiff, set the briefing schedule for the motion and warned the plaintiff that he was required to file a written responsive brief to the summary judgment motion. As the plaintiff's response was over seven days late, the Sheriff requested that summary judgment be entered in his favor.

¶ 10      On November 15, 2013, a declaration was filed by one of the attorneys for the plaintiffs in the *Elizarri* class action suit, averring that, on August 8, 2013, the plaintiff had tendered notice to him of his desire to "opt out" of that case. Apart from the plaintiff's opt-out notice, there were no other documents or pleadings accompanying the declaration.

¶ 11      On November 21, 2013, the court entered an order stating that, with the plaintiff having failed to appear, the Sheriff's motion for summary judgment was granted and the complaint was dismissed "with prejudice." The court further ordered the Sheriff to undertake a "house

check" to verify that the plaintiff was not incarcerated at the time of the hearing. The order made no reference to the Sheriff's alternative argument that the complaint should be dismissed based upon the pendency of the *Elizarri* case.

¶ 12    On January 2, 2014, represented by counsel, the plaintiff presented a motion to "vacate" the order of November 21, 2013, arguing that the court either should have "stayed this action or dismissed plaintiff's property loss claim without prejudice to his participation in the federal class action." The motion to vacate was denied, and the instant appeal followed.

¶ 13    The plaintiff's sole assertions of error concern the trial court's alleged dismissal of his lost clothing claim based upon the pendency of the *Elizarri* class action, which, according to the Sheriff's argument below, constituted "another action *** between the same parties for the same cause," thus warranting dismissal of the claim under section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2012)). In particular, the plaintiff argues that the court (1) should not have entertained the section 2-619 motion in the first instance because it was untimely, and (2) disregarded "undisputed evidence," in the form of the November 15, 2013, declaration by the plaintiff's attorney, that the plaintiff had in fact opted out of the *Elizarri* lawsuit and elected to proceed with his claim in the circuit court.

¶ 14    Initially, we agree with the plaintiff that a motion for involuntary dismissal generally must be brought "within the time for pleading" (735 ILCS 5/2-619 (West 2012)), and that the Sheriff's motion was filed many months after that time. However, based upon the record before us, the trial court never reached the merits of the section 2-619 motion; instead, it directed that the Sheriff assert his defenses in the form of a summary judgment motion under Code section 2-1005. Thereafter, being "fully advised on the premises" and with the November 15, 2013, declaration presumably before it, the court granted summary judgment for the Sheriff and dismissed the plaintiff's complaint "with prejudice." The basis for the court's determination does not appear of record, although there is no reference to the earlier motion under section 2-619(a)(3) of the Code. Further, we note that throughout the summary judgment proceedings, the plaintiff raised no factual or legal dispute as to the Sheriff's central argument, his claimed immunity from liability under the Act.

¶ 15    Regardless of the trial court's rationale, we review the grant of summary judgment under a *de novo* standard. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). This court's function is to determine whether the court correctly found that no genuine issue of material fact existed and that judgment for the moving party was proper as a matter of law. *Makowski v. City of Naperville*, 249 Ill. App. 3d 110, 115 (1993). As such, we may sustain the decision of the trial court on any basis justified by the record, notwithstanding the rationale employed by that court. *Id.*

¶ 16    The Act vests public entities and employees with "absolute immunity" from liability in tort arising from the "failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein." 745 ILCS 10/4-103 (West 2010); *Jefferson v. Sheahan*, 279 Ill. App. 3d 74, 76 (1996). Under section 2-201 of the Act, a public employee in a position involving the determination of policy or the exercise of discretion is immunized from liability for any injury "resulting from his act or omission in determining policy when acting in the exercise of such discretion," even if his discretion is abused. 745 ILCS 10/2-201 (West 2010). The supreme court has held that, in order to be protected under section 2-201, the public official or employee must show that the injury resulted from an act or omission involving *both* an

- 4 -

exercise of discretion and a policy decision. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 373 (2003). Conduct involving a "policy decision" includes that which requires the official to balance competing interests for the time and resources of his department. *Id.* "Discretionary" acts are those which are unique to the particular public office at issue, as opposed to ministerial duties which are dictated by regulations or other legal authority. *Id.* at 371, 373.

¶ 17    In this case, the complaint alleged merely that the plaintiff suffered a "lack of services" while in custody and that he "did not receive[ ]" his clothing upon his release. The plaintiff does not dispute the Sheriff's contention that decisions regarding the method of maintenance, storage, and return of the personal property of inmates are unique to the Sheriff's office and require him to "make a judgment call" as to the proper allocation of time and other resources of his office. As indicated above, the plaintiff failed to assert any challenge to the Sheriff's immunity defense throughout the proceedings below and concededly foregoes any such argument on appeal. Accordingly, based upon the plain language of sections 4-103 and 2-201 of the Act and the lack of any genuine issue of material fact, we see no basis to disturb the allowance of summary judgment for the Sheriff.

¶ 18    Affirmed.