2026 IL App (1st) 250507-U

FOURTH DIVISION
Order filed: March 12, 2026

No. 1-25-0507

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MAUREEN WILLIAMS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2024 M1 114193 |
| | ) | |
| AMITA SACHDEV, | ) | Honorable |
| | ) | Aileen Bhandari, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's order granting defendant's amended motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure is affirmed, as the case was barred by *res judicata*. The circuit court did not abuse its discretion in granting defendant's motion to strike the trial date and allowing her leave to file an amended motion to dismiss on the day of trial.

¶ 2    Plaintiff Maureen Williams ("Williams") appeals from the order of the circuit court of Cook County granting the motion to dismiss filed by defendant Amita Sachdev ("Sachdev") pursuant to section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2024). For the

following reasons, we affirm.

¶ 3    On May 29, 2024, Williams filed a two-count complaint in this case, case number 2024 M1 114193 (hereinafter, "2024 case"), alleging that Sachdev violated the Chicago Residential Landlord and Tenant Ordinance ("RLTO"). Chicago Municipal Code § 5-12-010, *et seq.* (Added September 8, 1986). Williams alleged that Sachdev committed multiple violations of section 5-12-080 of the RLTO governing the handling of security deposits for rental agreements, including failing to return Williams's security deposit. Chicago Municipal Code § 5-12-080 (Amended July 28, 2010). Count I sought statutory damages under the RLTO and Count II raised a breach of contract claim. The 2024 case acknowledged that Williams had previously filed suit in case number 2022 M1 114710 (hereinafter, "2022 case"), but stated that the 2022 case was dismissed for want of prosecution on August 17, 2023. The complaint in the 2022 case also alleged that Sachdev failed to return Williams's full security deposit after Williams moved out of her apartment.

¶ 4    Sachdev filed a motion to dismiss the 2024 case pursuant to section 2-615 of the Code of Civil Procedure. 735 ILCS 5/2-615 (West 2024). In the motion, Sachdev stated that the dismissal for want of prosecution in the 2022 case was vacated and a final judgment was entered for Sachdev on December 13, 2023. She attached the December 13, 2023 order entered in the 2022 case which entered judgment for Sachdev "after trial."

¶ 5    Williams filed a response, arguing that the December 13, 2023 order was void, since there was no order in that record vacating the earlier dismissal for want of prosecution. Williams argued that *res judicata* did not apply to bar her claims in the 2024 case since she was permitted to refile her claims and the dismissal for want of prosecution was not a final judgment in the 2022 case.

Williams attached a copy of the August 17, 2023 order dismissing the 2022 case for want of prosecution, which stated that the matter was set for trial, but "plaintiff did not appear."

¶ 6    On November 25, 2024, the circuit court struck the motion to dismiss and ordered the motion "be re-noticed" by Sachdev. On December 17, 2024, the court set the 2024 case for trial on February 19, 2025.  The day before that scheduled trial date, Sachdev filed a motion to strike the trial date and for leave to file an amended motion to dismiss pursuant to section 2-619. She argued in the amended motion that the 2024 case was barred by *res judicata* because a final judgment had been entered in the 2022 case, which raised identical claims between the same parties.

¶ 7    The amended motion included an affidavit from Sachdev. She testified that after the circuit court dismissed the 2022 case for want of prosecution when Williams did not appear on August 17, 2023, Williams filed a motion to vacate that dismissal on September 5, 2023, which was heard on September 28, 2023. Both parties appeared via Zoom on September 28, and the circuit court continued Williams's motion and set a trial date for December 13, 2023 to be held in person. Sachdev averred that the judge ordered Williams to draft the order and provide a copy to Sachdev, but she never received it. On December 13, 2023, Sachdev appeared for trial, but Williams did not. Sachdev averred that, after waiting for over an hour for Williams to appear, the circuit court entered judgment in favor of Sachdev.

¶ 8    On February 19, 2025, the parties appeared in court. Williams's counsel objected to Sachdev's late motion to strike the trial date, as Williams was prepared for trial with witnesses and a court reporter present. Sachdev's counsel responded that the motion was filed late because of her health emergencies.

¶ 9    The circuit court stated that "it's not fair for [Sachdev] to get this motion to strike the trial date on the eve of trial *** and to have a 2-619, and it's filed instanter." However, based on the contents of the motion, the court granted Sachdev's motion to strike the trial date and leave to file the amended motion to dismiss, and asked Williams's counsel if he wanted time to respond to the amended motion. Williams's counsel asked for a hearing on the amended motion to dismiss that day so he could cross-examine Sachdev on the contents of her affidavit and call Williams as a witness.

¶ 10    At Williams's request and with Sachdev's agreement, the court held an evidentiary hearing on the amended motion to dismiss. Sachdev stood on her written motion and supporting affidavit, so she was called only for cross-examination. Sachdev testified that she was defendant in both the 2024 case and the 2022 case. She received notice of Williams's motion to vacate the dismissal for want of prosecution in the 2022 case by email on September 5, 2023. On September 28, 2023, Sachdev and Williams appeared via Zoom for a hearing on Williams's motion. At that hearing, the judge set the matter for an in-person trial on December 13, 2023. Sachdev did not write a court order after the September 28 court date. She stated that Williams was going to write the order and submit it, but Sachdev did not receive any proposed order or see any order entered after that court date.  She emailed her trial exhibits to Williams on December 11, 2023 and indicated the case was set for trial on December 13.

¶ 11    Williams testified that she was a lawyer and practiced criminal defense. She did not have a civil practice, did not work in Cook County, and was not familiar with Cook County circuit court processes. Williams stated that September 28, 2023 "might be the date that we were both on" Zoom in the 2022 case, but she was "guessing." She did not prepare a court order for that date and

never offered to do so because she did not know how. Williams did not receive any notification from the court about a trial on December 13, 2023. She admitted that she filed a motion to reinstate the 2022 case and that she and Sachdev were both present in court by Zoom on September 28. She believed that they "got a new date" in "October or November" at the September 28 hearing. Williams testified that she did not remember if the court reinstated the case on September 28. She "sent a lawyer friend" for her on that next court date. The friend appeared in person and called her afterwards, stating that there was nothing on the docket.

¶ 12    The circuit court then heard arguments from the parties. Sachdev argued that Williams had notice of the December 13, 2023 hearing and failed to appear and failed to move to vacate the order entering judgment for Sachdev in the 2022 case. In response, Williams argued that the circuit court in the 2022 case did not have jurisdiction to enter the December 13, 2023 order because there was no order vacating the dismissal for want of prosecution or setting the matter for trial on that date, and therefore, the 2024 case was not barred by *res judicata*.

¶ 13    The court granted Sachdev's motions and dismissed the 2024 case with prejudice. The court first observed that the 2022 case was dismissed for want of prosecution on August 17, 2023, and that the order stated that Sachdev was present for trial on that date, but Williams was not. The court noted that the case may have been on the call for August 17 or it may have been an "add on" and that missing court orders are something they "deal with on the 11th floor" so they added cases on the call "all the time." The court found that Williams filed a motion to reinstate the 2022 case on September 5, 2023, and that both parties acknowledged that the motion was heard on September 28, 2023. The court found that Williams's testimony was not credible because, despite being an attorney, she could not recall what happened at the September 28 court date besides the fact that a

new court date was set. It was her obligation to know the next court date in the case. The court found that, despite the lack of an order reinstating the 2022 case, it could assume that, since the case was continued for trial on December 13, 2023, the case was reinstated on September 28. The court credited Sachdev's testimony that, on September 28, the court set the case for trial on December 13, which was exactly the relief sought by Williams in her motion. The court found that Sachdev emailed Williams her trial exhibits and indicated that the case was set for trial on December 13. Williams failed to appear on December 13, the circuit court did have jurisdiction on that court date and the December 13 order was a final order. The court held that it was bound by the December 13 order entering judgment for Sachdev, and thus, the court granted Sachdev's motion to dismiss the case with prejudice. This appeal follows.

¶ 14       On appeal, Williams argues that the circuit court erred by (1) granting Sachdev's motion to dismiss on the basis that the 2024 case was barred by *res judicata*; and (2) striking the trial date and allowing Sachdev to file an amended motion to dismiss on the date of trial.

¶ 15       Williams first asks us to strike Sachdev's *pro se* brief for failing to comply with Supreme Court Rule 341(h) (eff. Oct 1, 2020). Sachdev's statement of facts section does not cite to the record and she has only two citations to support her arguments. See Ill. Sup. Ct. R. 341(h)(6)-(7) (eff. Oct. 1, 2020). We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. Compliance with Rule 341 is mandatory and the fact that a party appears *pro se* does not relieve that party from complying as nearly as possible with the rules for practice before this court. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. However, as the deficiencies in Sachdev's brief do not hamper our review of the issues raised in this appeal by

Williams, we decline the request to strike her brief. We note that Williams's brief also falls short of the requirements of Rule 341, as her statement of facts does not summarize or even refer to the testimony that was taken on February 19, 2025 as outlined above. See Ill. Sup. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (statement of facts "shall contain the facts necessary to an understanding of the case").

¶ 16 A motion to dismiss filed under section 2-619 of the Code of Civil Procedure admits the legal sufficiency of the complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). One basis for a section 2-619 motion is "[t]hat the cause of action is barred by a prior judgment." 735 ILCS 5/2-619(a)(4) (West 2024).

¶ 17 While Williams argues that our standard of review is *de novo*, that is not entirely accurate. When a court grants a section 2-619 motion to dismiss after an evidentiary hearing, as in this case, we review whether the court's factual findings are against the manifest weight of the evidence and review questions of law *de novo*. *Offord v. Fitness Intern, L.L.C.*, 2015 IL App (1st) 150879, ¶ 15. We may reverse such a ruling if the order is incorrect in law or against the manifest weight of the evidence. *Id.* The circuit court's factual findings are against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented. *Best v. Best*, 223 Ill. 2d 342, 350 (2006).

¶ 18 The circuit court granted Sachdev's motion to dismiss on the grounds that the 2024 case was barred by *res judicata*. "Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Hudson*

*v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (citing *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73-74 (1994)).

¶ 19    Williams challenges only the first element—that Sachdev proved that a final judgment on the merits was rendered by a court of competent jurisdiction in the 2022 case. Williams argues that since there was no order in the record from the 2022 case vacating the August 17, 2023 order dismissing the case for want of prosecution, and no order setting the matter for trial on December 13, 2023, the December 13, 2023 order entering judgment for defendant was void.

¶ 20    With this argument, Williams fails to address the circuit court's findings after the evidentiary hearing that, notwithstanding the lack of an order, the dismissal for want of prosecution in the 2022 case was necessarily vacated on Williams's motion when the court continued the case after September 28, 2023 and set the matter for trial on December 13, 2023. The circuit court based these findings, in part, on its conclusion that Williams's testimony regarding what occurred in the 2022 case was not credible. Additionally, Williams admitted that she filed a motion to reinstate the case after the court entered the August 17 order dismissing the 2022 case for want of prosecution, the court heard that motion on September 28 with both Williams and Sachdev present and that the court continued the case to a new date—she just could not remember what date. The court also cited Sachdev's email to Williams on December 11 with copies of her trial exhibits which indicated that the trial was set for December 13. Williams did not contradict this testimony.

¶ 21    We will not substitute our judgment for that of the circuit court on issues of credibility because the circuit court is in a superior position to evaluate the conduct and demeanor of witnesses. *Samour, Inc. v. Board of Election Com'rs of City of Chicago*, 224 Ill. 2d 530, 548 (2007). Based on the testimony of the parties and evidence presented at the hearing, we cannot

find that the opposite conclusion is clearly evident. Thus, we hold that the circuit court's finding that the dismissal for want of prosecution order in the 2022 case was vacated and the case was set for trial on December 13, 2023, resulting in a judgment for Sachdev when Williams did not appear, was not against the manifest weight of the evidence.

¶ 22 Williams next argues that, since there is no order in the 2022 case vacating the dismissal for want of prosecution, the circuit court in that case lacked jurisdiction to enter any further orders, including the December 13 order. Based on the facts of this case and the circuit court's findings, we reject that argument. Generally, the circuit court loses jurisdiction over a case 30 days after a final judgment is entered or 30 days after the resolution of any motion directed against the judgment. *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20. In this case, Williams's motion to vacate the dismissal for want of prosecution filed on September 5, 2023 tolled that 30-day period. See *Fraley v. City of Elgin*, 251 Ill. App. 3d 72, 75 (1993) (motion to vacate dismissal for want of prosecution tolled 30-day period and court did not lose jurisdiction). Although Williams argues that this motion was a "nothing" because it sought to vacate a "default judgment" that did not exist, the record refutes her argument. Williams's motion, entitled "Motion to Vacate Default Judgment of August 17, 2023" explained that she was in a jury trial at the time of the trial date in the 2022 case, her assistant tried to change the trial date but was informed by the clerk's office that the date was not on the docket and thus, Williams asked the court to "vacate and set aside the order of August 17, 2023" and set a new trial date. The plain language of this motion clearly establishes that it sought to vacate the dismissal for want of prosecution entered on August 17, 2023, despite the fact that it incorrectly referred to that order as a default judgment. See *Peterson v. Randhava*, 313 Ill. App. 3d 1, 9 (2000) ("[T]he substance of the motion, not the title,

should determine how the court should treat a motion."). Also, contrary to Williams's argument, the motion clearly reflects that it was spindled for presentment on September 28, 2023 at 1:45 p.m. in Courtroom 1102. Both Williams and Sachdev testified that they appeared in court that day and the court gave them a new court date.

¶ 23  While Williams is correct that there is no court order in this record showing that her motion was granted, the circuit court's finding that the dismissal was necessarily vacated by virtue of the fact that the court continued the case for trial on December 13, 2023 was supported by the record and evidence. See *Hill v. Dillon*, 106 Ill. App. 2d 201, 207 (1969) (when circuit court heard motion to vacate dismissal for want of prosecution and continued matter to a later date, it "clearly intended to vacate the dismissal for want of prosecution" even though the order in the record did not explicitly do so until it was corrected *nunc pro tunc*). Given the testimony of the parties regarding what occurred on September 28, 2023, the circuit court's conclusion that the 2022 case had been reinstated and was continued for trial was not against the manifest weight of the evidence.

¶ 24  In support of her argument, Williams cites *Illinois Bone & Joint Institute v. Kime*, 396 Ill. App. 3d 881, 885 (2009), where this court found that, after an order dismissing the case for want of prosecution, "further proceedings were unauthorized until the order was vacated and the cause was reinstated to the court's docket." This court found that a later order granting a motion to dismiss had no effect, since the dismissal for want of prosecution prevented the circuit court from addressing the merits of the complaint. *Id.* at 889. However, in the present case, the circuit court held, based on both Williams's and Sachdev's testimony, that the order dismissing the 2022 case for want of prosecution was vacated on Williams's motion and the matter was set for trial on December 13, 2023. Therefore, unlike in *Kime*, further proceedings were authorized in the 2022

case and the December 13 order was not void. See *Fraley*, 251 Ill. App. 3d at 75.

¶ 25    Williams next argues that there is no evidence that the 2022 case was on the trial call on December 13, 2023. She asks this court to take judicial notice of the trial call listing from the December 13, 2023 edition of the Chicago Law Journal, which does not appear in the record but is attached to her brief. Williams did not raise this argument in the circuit court, and therefore, it is forfeited. *Sheth v. SAB Tool Supply Co.*, 2013 IL App (1st) 110156, ¶ 59. Forfeiture aside, we reject it. This court "may take judicial notice of readily verifiable facts if doing so 'will aid in the efficient disposition of a case,' even if judicial notice was not sought in the trial court." *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37 (quoting *Department of Human Services v. Porter*, 396 Ill. App. 3d 701, 725 (2009)). Williams raises no argument and cites no authority suggesting that the trial call listing meets this requirement. Even if we were to consider this document, it does not undermine the circuit court's finding that the 2022 case was set for trial on December 13, 2023, which was based both on Sachdev's testimony and the order granting judgment for Sachdev.

¶ 26    Thus, we agree that the circuit court had jurisdiction to enter judgment for Sachdev on December 13, 2023 in the 2022 case.  No party appealed that order or filed a motion to vacate it and thus, it is final.  That order is a final judgment on the merits entered against Williams and in favor of Sachdev by a court of competent jurisdiction. Therefore, Sachdev met her burden to show that final judgment was entered in the 2022 case involving the same claim and the same parties such that the 2024 case was barred by *res judicata*, and the circuit court properly granted her amended motion to dismiss. See *Hudson*, 228 Ill. 2d at 467.

¶ 27    Williams next argues that the circuit court erred by allowing Sachdev to file an amended

motion to dismiss on the eve of trial, and by granting Sachdev's motion to strike the trial date. He argues that Sachdev violated Supreme Court Rules 183 and 231 governing motions for continuances. Although Williams argues that our standard of review in this issue is *de novo*, the case she cites does not support that argument. *See Kincl v. Hycel, Inc.*, 56 Ill. App. 3d 772, 790 (1977). Rather, the circuit court has discretion to allow a motion to continue trial or the filing of a late motion to dismiss. *Id.*; *In re M.K.*, 284 Ill. App. 3d 449, 455 (1996). An abuse of discretion occurs when the court's ruling is "arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." *K & K Iron Works v. Marc Realty, LLC*, 2014 IL App (1st) 133688, ¶ 22.

¶ 28    We initially note that Williams has forfeited any argument based on Sachdev's alleged failure to comply with Rule 231, as she failed to raise this argument before the circuit court. *Sheth*, 2013 IL App (1st) 110156, ¶ 59. Regarding Sachdev's alleged failure to comply with Rule 183, we find no abuse of discretion here. The circuit court pressed Sachdev's counsel for a reason why the motion was filed late and counsel explained that she "had some health emergencies that caused me to be out of commission for a little while." When it ultimately decided to strike the trial date, the court gave Williams an opportunity to file a response to the amended motion to dismiss. Williams chose to proceed to an evidentiary hearing on the motion that day instead. Given that the amended motion to dismiss and Sachdev's supporting affidavit created an issue of whether the 2024 case was barred by *res judicata*, as discussed above, we find no abuse of discretion in the circuit court's decision to allow the late motion to strike the trial date and for leave to file an amended motion to dismiss.

¶ 29    Williams also argues that Sachdev's motion to strike the trial date and for leave to file an

amended motion to dismiss violated Cook County Circuit Court Rules 2.1(c)(i) and 2.2, which govern notice of motions and emergency motions, respectively. It is within the discretion of the circuit court to determine the appropriate sanction for a violation of local rules, and the circuit court may decide to rule on the merits of the motion despite those violations. See *VC & M, Ltd. v. Andrews*, 2013 IL 114445, ¶¶ 26-27. As discussed above, the circuit court pressed Sachdev's counsel for the late nature of the motion, remarked that it was "not fair" to file the motion "on the eve of trial," but ultimately allowed the motion based on its contents. We find no abuse of discretion in the circuit court's decision to hear and grant Sachdev's motion to strike the trial date and for leave to file an amended motion to dismiss, despite any violation of local rules.

¶ 30     Lastly, Williams argues that the circuit court erred in not awarding her fees and costs when it granted Sachdev's motion to continue the trial date. However, because she has failed to cite any authority in support of her argument, this argument is forfeited. Ill. Sup. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 31     For the foregoing reasons, we affirm the order of the circuit court.

¶ 32     Affirmed